Tal SMITH, Plaintiff,

v.

John J. McMULLEN, Defendant.

Civ. A. No. H–83–3067.

United States District Court,
S.D. Texas, Houston Division.

June 28, 1984.

on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Having considered the arguments of the parties and the applicable law, the Court concludes that Defendant's Motion should be DENIED.

### Facts

The case upon which the present motion is based involves an action for slander brought by plaintiff Tal Smith, former general manager of the Houston Astros, against defendant John J. McMullen, Chairman of the Board of the Houston Sports Association and current owner of the Astros. Plaintiff alleges that the defendant made certain defamatory statements to a reporter for the *Houston Chronicle* on April 23, 1983. These comments, which were published in the *Chronicle* on April 24, were essentially as follows:

> Houston Astros Chairman of the Board John McMullen, reacting angrily to recent criticism of his team, said Saturday night that Houston's baseball franchise "was the worst in baseball when I bought it in 1979.
>
> "And I can prove it by the price I paid for the franchise (never fully detailed to the public).
>
> "The 25 men on the field today are better than the Astros' 25-man team when I bought the club."
>
> * * * * * *
>
> McMullen said he is tired of reading suggestions that Smith was the architect of the Astros' success.
>
> "How can you keep writing that?" McMullen asked. You'd better start writing the truth. Tal Smith is a despicable human being. It's unfair and wrong for people to keep giving him credit."

Defendant made these statements about plaintiff despite the fact that during plaintiff's tenure as general manager of the Astros, the team improved from last place in their division in 1975 to first place in 1980. In 1983, when defendant made the comments which are the basis of this ac-

Robert D. Hubbard, Huntsville, Tex., for plaintiff.

David A. Harris, Asst. Atty. Gen., Austin, Tex., for defendant.

### ORDER

McDONALD, District Judge.

Came on to be heard the Motion of Defendant, John J. McMullen, for Judgment

tion, the Astros were ranked in last place in the Western division.

Plaintiff contends that the statements which were published in the *Houston Chronicle* were defamatory and have injured him in his profession or business and impute unfitness for his employment in professional baseball. Defendant, on the other hand, denies that the comments were slanderous and maintains that his remarks were at most only words of vituperation or rhetoric hyperbole and that, in addition, they were statements of opinion protected by the First Amendment.

Plaintiff's cause of action, initially filed in state court, was removed by defendant to the federal district court on the basis of diversity of citizenship. Subsequently, defendant filed the present Motion for Judgment on the Pleadings, alleging that from the face of the pleadings, it appears that defendant is entitled to judgment dismissing the complaint as a matter of law.

### Discussion

 The restrictive standard of review applicable to a Rule 12(c) Motion is well-established: a motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact, and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. General Mills Fund Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). Moreover, when construing a motion for judgment on the pleadings, the Court is required to assume that the allegations of fact presented by the opposing party are true, *Cash v. Commissioner of Internal Revenue*, 580 F.2d 152, 154 (5th Cir.1978), and must further view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wright & Miller, Federal Practice and Procedure: Civil § 1368 (1973). The cause of action upon which the present motion is based involves alleged slanderous statements. In order to constitute actionable slander under Texas law, there must be a defamatory statement

orally communicated or published to a third party without legal excuse. *Glenn v. Gidel*, 496 S.W.2d 692, 697 (Tex.Civ.App.-Amarillo 1973, no writ). The defamatory statement must be either actionable per se, i.e., defamatory in itself, or actionable per quod, i.e., not actionable on its face, but actionable only in view of the actual damages resulting from the slanderous words. *Id.* at 697. In general, oral words are not actionable without pleading and proof of special damages. *Stearns v. McManis*, 543 S.W.2d 659, 661–62 (Tex.Civ.App.-Houston [1st Dist.] 1976, writ dism'd). However, when a statement unambiguously and falsely imputes criminal conduct to another, it is actionable per se, and it is error to allow a jury to determine whether such statements are defamatory. *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241, 246 (5th Cir.1980). Likewise, an oral defamation which "affects a person injuriously in his office, profession, or occupation" is also actionable per se without the pleading and proof of special damages. *Goree v. Carnes*, 625 S.W.2d 380, 384 (Tex.App.-San Antonio 1981, no writ); *Bayoud v. Sigler*, 555 S.W.2d 913, 915 (Tex.Civ.App.-Dallas 1977, writ dism'd). Alternatively, if a defamatory meaning may exist, but does not necessarily exist, then the statement is ambiguous and the court must allow a jury to determine whether the communication would be understood by the ordinary reader in a defamatory sense. *Raymer*, 615 F.2d at 246.

### 1. *Rhetoric Hyperbole*

Defendant's first contention in support of his motion is that the alleged comments which are the basis of this action were, at most, only words of vituperation or rhetoric hyperbole and thus not actionable under Texas defamation law. The Court disagrees.

Defendant specifically argues that his description of plaintiff as a "despicable human being is no more than a vigorous epithet which is protected by the First Amendment. In support of this argument, defendant relies heavily on two Supreme

Court cases: *Greenbelt Cooperative Publishing Association v. Bresler,* 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970) and *National Association of Letter Carriers v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974). Both *Greenbelt* and *Letter Carriers* are cases in which the Supreme Court held certain statements, construed by the respective plaintiffs as alleging criminal conduct, to be protected as rhetoric hyperbole. Thus, in *Greenbelt* the defendant's statement that plaintiff was "black-mailing" the city was found by the Court to be "no more than rhetorical hyperbole, a vigorous epithet used by those who considered Bresler's negotiating position extremely unreasonable." 398 U.S. at 14, 90 S.Ct. at 1542. The Court concluded that no one who read the account would have concluded that plaintiff was charged with the crime of blackmail.

Similarly, in *Letter Carriers,* the Court held that no one could reasonably understand the definition of a "scab" given by the defendant as actually charging the crime of treason, as plaintiff there had contended. The words used in the defendant's definition were employed "in a loose, figurative sense ... merely rhetorical hyperbole...." 418 U.S. at 285, 286, 94 S.Ct. at 2781, 2782.

If the Court in this case were to focus solely on the language referring to plaintiff as a "despicable human being," then the holdings in *Greenbelt* and *Letter Carriers* would be controlling. Mere words of vituperation and abuse are not of themselves actionable and libelous. *Curtis Publishing Co. v. Birdsong,* 360 F.2d 344, 348 (5th Cir.1966). However, when evaluating a statement to determine whether the words are capable of a defamatory meaning, the words cannot be examined in isolation, but instead must be viewed in the context of the statement as a whole. In the case at bar, defendant has engaged in far more than mere name-calling; the totality of his statements, when viewed as a whole, are reasonably capable of a defamatory intent. Thus, defendant's remarks cannot be protected as mere hyperbole.

## 2. *Opinion*

Defendant's second contention in support of his Motion for Judgment on the Pleadings is that the alleged comments attributed to him were statements of opinion that are protected by the First Amendment.

Although there is no constitutional value to be derived from the protection of false statements of fact, *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 at 340, 94 S.Ct. 2997 at 3007, 41 L.Ed.2d 789, the Constitution does not permit the recovery in defamation for publication of "pure" opinion, Sec. 566 of *Restatement (Second) of Torts* (revised ed. 1981). Pure opinion, which includes derogatory remarks and metaphorical language, clearly seems to fall within the protection of the First Amendment. *Ollman v. Evans,* 713 F.2d 838, 846 (D.C.Cir.1983). Hybrid statements, by contrast, fall somewhere in between pure opinion and fact, and are defined as those statements which reflect the author's deductions or evaluations, but at the same time are laden with factual content. *Id.* at 846. A hybrid statement is generally entitled to an absolute privilege as opinion only when it is accompanied by a full and accurate narration of the material background facts. *Id.* at 848. If the author fails to provide the background facts upon which his statements are based, then the hybrid statement is not entitled to an absolute privilege.

In the case at bar, the Court concludes that defendant's remarks pertaining to plaintiff were hybrid in nature and were not pure opinion. The Court further finds that defendant failed to set forth any facts in support of his assertion that plaintiff had nothing to do with the apparent success of the Astros during his tenure as general manager. Thus, inasmuch as defendant's statements were no more than conclusory statements of unsupported fact, they are not privileged as opinion.

### *Conclusion*

The pleadings in the instant case, construed in the light most favorable to plain-

tiff, establish that the statements complained of are reasonably capable of a defamatory interpretation. The question of whether the comments were in fact slanderous appropriately should be left to a determination by a jury. Defendant has failed to show that he is entitled to dismissal as a matter of law.

The Court notes at this point that the defendant has alleged that plaintiff is a public figure. If that allegation is correct, then plaintiff will be subject to the "actual malice" proof requirements enunciated in *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). While the Court does not determine whether plaintiff is a public figure in ruling on this motion, further briefing on this issue by the parties will assist the Court in resolving this issue prior to trial.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Judgment on the Pleadings be and hereby is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.