**STATE of Texas et al., Appellants,**

v.

**PROJECT PRINCIPLE, INC., Appellee.**

**No. C–5340.**

Supreme Court of Texas.

Feb. 18, 1987.

Jim Mattox, Atty. Gen., Leslie L. McCollom and Kevin T. O'Hanlon, Assts., Atty. Gens. Office, Austin, for appellants.

Jaime Omar Garza, Alice, David Garza, C. Allen Ramirez, Rio Grande City, for appellee.

CAMPBELL, Justice.

This is a direct appeal from a temporary injunction prohibiting enforcement of Tex. Educ.Code § 13.047 (Vernon Supp.1987) on the ground that the statute is unconstitutional. Section 13.047 provides that public school educators, to retain their teaching certificates, must successfully complete an examination known as the Texas Examination for Current Administrators and Teachers, or TECAT. We hold the statute is constitutional and we reverse the judgment of the trial court and dissolve that court's injunction.

This court has jurisdiction of this cause under Tex.Gov't Code § 22.001(c) (Vernon Pamph.1987). That section provides for a direct appeal from a temporary or permanent injunction order based on the constitutionality of a state statute.

Project Principle, a non-profit corporation with membership comprised of certified public school teachers and administrators, alleged that section 13.047 is unconstitutional. We must determine whether the trial court's injunction properly rests on any of the alleged constitutional violations: (1) that section 13.047 violates article I, section 16 of the state constitution which prohibits any law impairing obligations under a contract or any law which is retroactive; (2) that section 13.047 violates federal and state guarantees of due process; (3) that section 13.047 violates the equal protection clause of the Texas Constitution, article I, section 3; and (4) that the State Board of Education suspended the operation of a general law in its implementation of the TECAT, thus violating article I, section 28 of the Texas Constitution.

## THE TECAT

On July 3, 1984, the state legislature passed into law House Bill 72. The bill contained numerous educational reforms, including additional school funding, school finance reform, teacher salary increases, and teacher competency testing. The bill is codified as Tex.Educ.Code § 13.047, and it provides in part as follows:

(a) The State Board of Education shall require satisfactory performance on an examination prescribed by the board as a condition to continued certification for each teacher and administrator who has not taken a certification examination under Section 13.-032(e) of this code.

(b) The board shall prescribe an examination designed to test knowledge appropriate to teach primary grades and an examination designed to test knowledge appropriate to teach secondary grades. The secondary teacher examination must test the knowledge of each examinee in the subject areas ... in which the examinee is certified to teach and is teaching. If a teacher is not tested in an area of certification, the teacher must take the examination for that area within three years after beginning to teach that subject. The administrator examinations must test administrative skills, knowledge in subject areas, and other matters that the board considers appropriate. The examinations must also test the ability of the examinee to read and write with sufficient skill and understanding to perform satisfactorily as a professional teacher or administrator.

Section 13.047 provides for a testing program by the State Board of Education for continued certification of all educators who have not taken the test required by section 13.032(e) of the Code. However, the section 13.032(e) test was first administered on May 24, 1986; thus, all previously certified teachers, including all members of Project Principle, were required to take the TECAT.

Although the legislature mandated in section 13.047(b) that teachers' skills in a number of areas be tested, the legislature only appropriated funds for testing basic reading and writing skills. Tex.H.B. 20, 69th Leg. (1985), art. III, Texas Central Education Agency—Programs, para. 18, p. III–7. The State Board spent the appropri-

ated funds on a basic reading and writing skills test, the TECAT.

## IMPAIRMENT OF CONTRACTS/RETROACTIVITY

■ The state argues that the trial court's injunction is in error because section 13.047 impairs no contract rights. Project Principle contends that teaching certificates are contracts with which the legislature may not interfere. We hold that a teaching certificate is not a contract within the meaning of article I, section 16. Rather, the certificate is a license, and like all licenses, is subject to such future restrictions as the state may reasonably impose.

The United States Supreme Court spoke to the impairment of contracts argument more than forty years ago in *Dodge v. Board of Education*, 302 U.S. 74, 79, 58 S.Ct. 98, 100, 82 L.Ed. 57 (1937). In *Dodge*, retired teachers challenged an act of the Illinois legislature which decreased the amounts of annuity payments to retired teachers of Chicago public schools. The teachers claimed that the Act impaired the obligation of contracts in contravention of article I, § 10 of the United States Constitution. The Supreme Court of Illinois held that in passing the statute providing for the annuities the state legislature evinced no intent to create a binding contract with teachers. The United States Supreme Court affirmed, stating "the presumption is that (a tenure) law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise."

As early as 1925 it was recognized in Texas that a teaching certificate is a license. In *Marrs v. Matthews*, 270 S.W. 586 (Tex.Civ.App.—Texarkana 1925, writ ref'd), a teacher claimed that the state superintendent could not cancel his "permanent teacher's certificate" because the language used in describing the offenses for which a certificate may be cancelled was void for vagueness. The teacher also claimed that the statute giving the superintendent the authority to cancel the certificate of any "unworthy" teacher was an attempt to confer judicial powers upon an executive department of the state government. In dissolving the trial court writ enjoining cancellation of the teaching certificate, the court stated that a teaching certificate "is merely a license granted by the state, and is revocable by the state." *Id.* at 589. The court noted that the teacher had "voluntarily sought and secured a statutory privilege to be enjoyed subject to statutory conditions." *Id.*[1]

■ Because we hold a teaching certificate is not a contract, the constitutional prohibition against impairment of contracts is not violated when the legislature imposes new conditions for the retention of the certificate. Further, because the certificate is a license and confers no vested rights, the constitutional prohibition against retroactive laws is not violated. It is only when vested rights are impaired that a retroactive law is invalid. *Paschal v. Perez*, 7 Tex. 348 (1851); *Commercial Insurance Co. of Newark, N.J. v. Lane*, 480 S.W.2d 781, 783 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

## DUE PROCESS

The state contends the trial court's injunction is in error because section 13.047 does not violate due process guarantees. Project Principle contends the statute violates federal and state guarantees of due process. Project Principle states that before section 13.047 was enacted certified educators were afforded the guarantee of a due process hearing with the right to appeal before their teaching certificates could be suspended. Project Principle argues that after the enactment of section 13.047, educators' certificates are subject to cancellation without a hearing or avenue for appeal upon failure to take the TECAT or to perform satisfactorily on the TECAT.

1. The court also stated that because the certificate was a mere license, no due process guarantees were applicable. In the instant case, the state has provided due process protocol, discussed *infra.*

■ First, it must be noted that decertification is not automatic upon failure of the examination. Section 13.047 provides that "each teacher must be given more than one opportunity to perform satisfactorily" on the TECAT.

Second, provisions for appeal of "proceedings concerning the suspension, revocation, or cancellation of a (teaching) certificate" are contained in 19 Tex.Admin.Code § 157.1(b)(4) (1985). It is provided in section 157.1 that a person aggrieved by the school laws of Texas or by actions or decisions of a board of trustees or board of education has the right to appeal to the commissioner of education. After such administrative proceedings, the aggrieved teacher may have judicial review in a district court of Travis County. Tex.Educ. Code § 11.13 (Vernon Supp.1987). A teacher who fails to perform satisfactorily on the TECAT is entitled to these methods of review. This review provides procedural due process to any teacher who fails to perform satisfactorily on a competency examination.

■ Project Principle also contends that application of section 13.047 to currently certified teachers is fundamentally unfair. Project Principle cites no case law in support of this argument. We reject this contention.

A state may fairly impose such conditions, even on persons previously certified, if same is justified by a rational legislative purpose. In *Brown v. McGarr*, 774 F.2d 777 (7th Cir.1985), for example, trial lawyers challenged a federal district court's adoption of rules creating a trial bar to improve advocacy in the federal courts. The Seventh Circuit found no due process violations because the requirement was "justified by a rational legislative purpose—maintaining a high standard of advocacy in the federal courts." *Id.* at 784. Likewise, teacher testing is a rational means of achieving the legitimate state objective of ensuring that public school educators meet specified standards of competency.

## EQUAL PROTECTION

■ The state argues that the trial court's injunction is in error because section 13.047 does not violate the equal protection clause of the Texas Constitution, Tex.Const.Ann. art. I, § 3. Project Principle argues that the classification of teachers into a class composed of those who pass the test and a class composed of those who fail the test is subject to strict scrutiny under equal protection analysis. Strict scrutiny is applicable, Project Principle argues, because the classification impinges upon a fundamental right, the right to practice a profession.

In *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957), the United States Supreme Court stated that a state "can require high standards of qualification ... before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or ability to practice law." If a state's standards are required only to be rationally related to the state's purpose of licensing only those who are qualified, then a person's interest in practicing law is not a fundamental one. Likewise, we hold a person's interest in teaching is not a fundamental right.

The right to teach not being fundamental, a classification which impinges on that right is not subject to strict scrutiny. *See Spring Branch Independent School District v. Stamos*, 695 S.W.2d 556, 560 (Tex. 1985). Rather, the TECAT must be judged by a rational basis standard. *See id.* We hold that competency testing bears a rational relation to the legitimate state objective of maintaining competent teachers in the public schools.

## SUSPENSION OF THE LAW

The state argues the trial court's injunction is in error because the State Board of Education did not suspend the operation of a general law when it implemented the TECAT and determined to deny recertification to teachers who fail the TECAT. The state constitution provides that no state law may be suspended except by the legislature. Tex.Const.Ann. art. I, § 28.

■ Project Principle argues first that the legislature intended that teachers be tested in more than one area and that decertification be based on failure over all rather than failure of only one part. In providing for decertification after failure of the TECAT alone, the State Board allegedly overrode the legislative intent of section 13.047 and thus suspended the operation of a general law.

Section 13.047 calls for the State Board of Education to prescribe examinations to test several different areas of knowledge. The legislature left to the determination of the State Board the methods of testing, recertification and decertification. The Board is authorized to determine whether decertification is to be based on failure of only one of the required examinations.

Moreover, the legislature appropriated funds for only a literacy test. In House Bill 20, the legislature provided that the money appropriated for teacher testing

> is to be used in part to finance the validation and administration of examinations which test the ability of the examinees, who have not taken a certification examination under Section 13.032(e), Texas Education Code, to read and write with sufficient skill and understanding to perform satisfactorily as professional teachers or administrators.

Tex.H.B. 20, 69th Leg. (1985), art. III, Texas Central Education Agency—Programs, para. 18, p. III–7. Had the Board spent the appropriated funds on examinations which test skills other than basic reading and writing skills, the agency would have violated the constitutional provision that an agency may expend funds only on items for which funds have been appropriated. Tex. Const.Ann. art. 8, § 6.

■ The second prong of Project Principle's argument is that the Board spent funds for recertification purposes when the appropriations bill did not provide funds for that purpose. They contend the Board's purchase of "self-adhesive validation labels," to be attached to the teaching certificates, is an unauthorized expenditure.

The appropriations bill authorized payment of administration expenses. Necessarily included is the cost of notifying those to be recertified. The purchase of validation labels is thus authorized as an expense of administration of the TECAT.

We reverse the judgment of the trial court and dissolve that court's injunction.