Carol GORDON, Individually and As Natural Guardian and Next Friend of Gina Lenae Gordon and Bret Garland Gordon, Minors, Plaintiffs,

v.

AMERICAN STANDARD INC., a Delaware Corporation d/b/a The Trane Company, Defendant.

Civ. A. No. 2:93–CV–191(S).

United States District Court, S.D. Mississippi, Hattiesburg Division.

July 18, 1994.

Michael J. Malouf; Robert A. Malouf, Malouf & Malouf, Jackson, MS, for plaintiffs.

J. Cal Mayo, Jr.; Lee Davis Thames, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

SUMNER, United States Magistrate Judge.

THIS DAY, this cause came before the Court on motion of defendant for summary judgment. Defendant advances three theories in support of its motion: (1) Assuming the negligence of defendant, the responsibility for preventing harm to plaintiff's decedent, Chester Garland Gordon (Gordon), under the circumstances presented in this case had passed to Gordon's employer, Delco–Remy Division (Delco–Remy), as a matter of law pursuant to § 452(2) of the Restatement

(Second) of Torts (1965) and the rationale of *Gordon v. Niagara Machine & Tool Works,* 574 F.2d 1182 (5th Cir.1978); (2) Delco–Remy's misuse and abuse of the product in question was an independent, intervening cause of Gordon's death; and (3) Gordon knowingly assumed the risk of injury prior to his death. The Court, having considered the motion, plaintiffs' response, and the briefs and exhibits submitted by the parties, finds that the motion is not well taken and should be denied for the reasons discussed below.

At issue is a 75–ton rooftop air conditioning unit sold by defendant to Delco–Remy in August 1976. On May 16, 1992, Gordon, employed by Delco–Remy as an electrician at its Laurel, Mississippi facility, climbed onto the base pan in the unit to perform certain maintenance procedures. Due to the corroded condition of the base pan, it did not support his weight. Gordon fell through the base pan—landing approximately 30–feet below on the plant floor—and later died from his injuries. Plaintiffs assert that defendant negligently designed the rooftop unit or, alternatively, that defendant negligently failed to post adequate warnings concerning the unsafe condition of the base pan.[1] The parties have consented to disposition of this action by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.

 Defendant first contends that Delco–Remy's failure to prevent harm to Gordon is a superseding cause which prevents defendant's conduct from being the proximate cause of Gordon's death. In support of this contention, defendant cites the following Restatement provision:

§ 452. **Third Person's Failure to Prevent Harm**

(1) **Except as stated in Subsection (2), the failure of a third person to act to prevent harm to another by the actor's negligent conduct is not a superseding cause of such harm.**

(2) **Where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause.**

Restatement (Second) Torts, § 452 (1965).

The following comments to this provision offer guidance as to the application of subsection (2) above:

d. Subsection (2) covers the **exceptional cases** in which, because the duty, and hence the **entire responsibility** for the situation, has been shifted to a third person, the original actor is relieved of liability for the result which follows from the operation of his own negligence. The shifted responsibility means in effect that the duty, or obligation, of the original actor in the matter has terminated, and has been replaced by that of the third person.

\* \* \* \* \* \*

f. ... the circumstances may be such that the court will find that all duty and responsibility for the prevention of the harm has passed to the third person. It is apparently impossible to state any comprehensive rule as to when such a decision will be made. Various factors enter into it. Among them are the degree of danger and the magnitude of the risk of harm, the character and position of the third person who is to take the responsibility, his knowledge of the danger and the likelihood that he will or will not exercise proper care, his relation to the plaintiff or to the defendant, the lapse of time, and perhaps other considerations. The most that can be stated here is that when, by reason of the interplay of such factors, **the court finds that full responsibility for control of the situation and prevention of the threatened harm has passed to the third person,** his failure to act is then a superseding cause, which will relieve the original actor of liability.

Restatement (Second) Torts, § 452(2), comments d., f. (1965) (emphasis added).

---

1. The parties dispute whether plaintiffs' pleadings raise the contention that defendant is strictly liable in tort for providing a defective product.

The Court does not intimate any view with respect to this issue, which is irrelevant for purposes of deciding the instant motion.

■ In this diversity case, we are required by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply Mississippi law. The parties have not, however, directed us to any case of the Mississippi Supreme Court adopting the language of § 452, or which cites it either favorably or unfavorably. It is obvious, therefore, that Mississippi's highest court has not yet addressed the question of whether it would adopt the rule set forth in § 452. "In deciding an unsettled point of state law, *Erie* requires that we determine how the Mississippi Supreme Court would interpret its own law if presented with the question. When we are required to make an *Erie* guess, it is not our role to create or modify state law, rather only to predict it." *Batts v. Tow–Motor Forklift Co.,* 978 F.2d 1386, 1389 (Miss.1992) (citation omitted). "Under the *Erie* doctrine, ... where the state courts have not yet decided a particular question, it is the duty of the federal court to decide what the state court would hold if faced with it." *Branch–Hines v. Hebert,* 939 F.2d 1311, 1320 (5th Cir.1991).

■ Defendant contends that the Fifth Circuit has previously made this *Erie* guess in *Niagara Machine,* and that this Court is necessarily bound by that ruling. This Court disagrees. The Fifth Circuit penned a one-sentence opinion in *Niagara Machine,* simply affirming the district court on the basis of the "careful and well-reasoned opinion" of Judge William C. Keady, former Chief Judge of the Northern District of Mississippi. 574 F.2d at 1184. The *Niagara Machine* court then attached Judge Keady's opinion as an appendix to its *per curiam* ruling. It is unclear whether the Fifth Circuit, and therefore this Court, is necessarily bound by an appendix to a one-sentence opinion affirming a lower court ruling. In any event, however, whether the Mississippi Supreme Court had adopted the rule set forth in § 452, or, if faced with the question, would adopt it, is not addressed in Judge Keady's opinion. *See id.* at 1193–94. Therefore, the *Erie* guess which this Court is required to make in this case was not made in *Niagara Machine.* As such, this Court must make that decision now.

The Mississippi Supreme Court has adopted numerous provisions from the Restatement (Second) of Torts as binding law in Mississippi. *See, e.g., PACCAR Financial Corp. v. Howard,* 615 So.2d 583, 588 (Miss. 1993) (adopting § 222A of Restatement); *Touche Ross v. Commercial Union Ins.,* 514 So.2d 315, 319 (Miss.1987) (adopting § 552); *State Stove Mfg. Co. v. Hodges,* 189 So.2d 113 (Miss.1966), *cert. denied,* 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967) (adopting § 402A). Notwithstanding its incorporation of several provisions into state law, however, the Mississippi Supreme Court has also clearly indicated that it does not consider itself bound by the entire Restatement (Second) of Torts. *See, e.g., Stonecipher v. Kornhaus,* 623 So.2d 955, 962 (Miss.1993) ("This Court has not adopted § 353 of the Restatement, (Second) of Torts, and is in no way bound by it.").

The Fifth Circuit has noted, however, that in making this type of *Erie* guess where no Mississippi case is precisely on point, the Mississippi Supreme Court's favorable citation of a related section of the Restatement may be persuasive. *See Stacy v. Aetna Casualty & Surety Co.,* 484 F.2d 289, 292 (5th Cir.1973). In this regard, § 452 is included within Title C, "Superseding Cause," of Chapter 16 ("The Causal Relationship Necessary to Responsibility for Negligence") of the Restatement (Second) of Torts. The Mississippi Supreme Court has, on several occasions, favorably cited related provisions from the Restatement's section on superseding cause. *See, e.g., Blackmon v. Payne,* 510 So.2d 483, 486 (Miss.1987) (citing favorably § 440 [superseding cause defined] and § 441 [intervening cause defined]); *Bullock v. Fairburn,* 353 So.2d 759, 763 (Miss.1977) (citing favorably §§ 440, 441, 442 [considerations important in determining whether an intervening force is a superseding cause], and 447 [negligence of intervening acts]); *Daves v. Reed,* 222 So.2d 411, 415 (Miss.1969) (citing favorably § 443 [normal intervening force] and § 447). In the light of these cases, and in discharge of our *Erie* duty, therefore, this Court finds that the Mississippi Supreme Court, were it faced with the question, would analyze the facts of this case under the superseding cause analysis of § 452.

## II.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1089 (5th Cir.1992). This Court must "review the facts drawing all inferences in the light most favorable to the nonmoving party." *Solomon*, 975 F.2d at 1089. "Summary judgment is appropriate when there is no genuine issue of material fact and only a question of law is presented." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 301 (5th Cir.1993).

As noted in comments d and f, § 452(2) applies only in those "exceptional cases" where the court finds that the "entire responsibility" for control of the situation and prevention of a threatened harm has shifted from an assumed tortfeasor to a third party. The comments to § 452 clearly indicate that the issue of whether responsibility has shifted, and therefore constitutes a superseding cause, is a question of law for the court's determination. This question may require an extended factual development, but the ultimate determination of whether the responsibility for the prevention of harm has shifted to a third party is clearly to be made by the court. The comments further indicate that no one factor is determinative in this inquiry, but, rather, based on "the interplay of such factors," the court must find that "full responsibility for control of the situation" has shifted. Restatement (Second) Torts, § 452(2), comment f. (1965).

With these standards in mind, the Court turns to an analysis of defendant's motion. Relying on the discussions in *Niagara Machine* and *Meuller v. Jeffrey Manufacturing Co.*, 494 F.Supp. 275 (E.D.Pa.1980), defendant contends that an application of the § 452(2) factors demonstrates that all duty and responsibility for the prevention of harm to Gordon from the use of the rooftop air conditioning unit had shifted from defendant to Delco–Remy. The Court finds, however, that, although certain of these factors appear to weigh in favor of a shift in responsibility from defendant to Delco–Remy, there exist genuine issues of material fact with respect to other of the factors to be considered in this inquiry.

Among the factors that might support a finding of a shift in responsibility in this case are the significant lapse of time between defendant's sale of the unit and Gordon's accident,[2] and the fact that Delco–Remy was Gordon's employer with the concomitant obligation to keep his "workplace safe and free from unreasonable danger and unnecessary risk." *Meuller*, 494 F.Supp. at 278. The parties dispute, however, whether the facts demonstrate that Delco–Remy failed in that responsibility, and, further, the nature and extent of Delco–Remy's "knowledge of the danger and the likelihood that [it would or would not] exercise proper care." Restatement (Second) Torts, § 452(2), comment f. (1965). The Court finds that there are disputed issues of material fact regarding whether, and to what extent, Delco–Remy was aware of the dangerous condition of the base pan prior to Gordon's death.[3] In the light of such factual disputes, the Court further finds that summary judgment on this issue would therefore be inappropriate.

**2.** The parties dispute the exact amount of lapsed time in this instance. Defendant contends it is nearly 16 years, while plaintiffs contend that it was only 14 years and eight months. *Niagara Machine* considered the passage of 15 years from the manufacture and sale of a punch press to weigh in favor of a shift in responsibility under § 452(2). 574 F.2d at 1193. In *Meuller*, 15 years had elapsed between the sale of a sand handling machine and plaintiff's injury. 494 F.Supp. at 278. We do not consider the parties' dispute on this question to be material. The lapse of 14 years and eight months supports a determination that this factor weighs in favor of a shift in responsibility.

**3.** For example, in *Meuller*, relied on by defendant, the court found that an open hole was a danger obvious to the employer which should have alerted it "to the need to prescribe, implement and follow sound safety regulations." 494 F.Supp. at 278. The record before this Court is not clear whether the corroded condition of the base pan was, or should have been, obvious to Delco–Remy.

### III.

Defendant's remaining contentions in support of its summary judgment motion require little discussion. Based on a review of defendant's motion, the Court finds that there are obviously genuine issues of material fact that must be determined before any finding of Delco–Remy's misuse and abuse of the unit, or Gordon's assumption of the risk in stepping onto the base pan, may be made. Accordingly, this Court is precluded from granting summary judgment on either basis.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment should be and hereby is DENIED.

SO ORDERED.