Margarita **PEREZ, et al., Plaintiffs,**

v.

**BROWN & WILLIAMSON TOBACCO CORP., et al., Defendants.**

**Civil Action No. C–97–070.**

United States District Court, S.D. Texas, Corpus Christi Division.

June 4, 1997.

William R. Edwards, Edwards Terry & Edwards, Corpus Christi, TX, Michael G. Guajardo, Paul L. Smith and Associates, Dallas, TX, Joe M. Pena, San Diego, TX, for Margarita Perez, Sandra Garcia, Cynthia Sanchez.

Paul Edward Stallings, Kathleen A. Gallagher, Vinson and Elkins, Houston, TX, for Brown & Williamson Tobacco Corp., Batus Holdings, Inc.

J. A. Tony Canales, Canales & Simonson, Corpus Christi, TX, John McPherson Pinckney, III, Wells Pinckney and McHugh, San Antonio, TX, Joseph F. Tringali, Simpson Thacher and Bartlett, New York City, for B.A.T. Industries P.L.C.

J. A. Tony Canales, Canales & Simonson, Corpus Christi, TX, Joseph F. Tringali, Simpson Thacher and Bartlett, New York City, for British American Tobacco Co., Ltd.

Darrell Lee Barger, Barger and Moss, Corpus Christi, TX, for Phillip Morris, Inc.

Stephen E. Scheve, Shook Hardy and Bacon, Houston, TX, Walter Cofer, Shook Hardy and Bacon, Kansas City, MO, for Phillip Morris Co., Inc., Lorillard Tobacco Co., Lowes Corp.

Morris Atlas, Atlas and Hall, McAllen, TX, William E. Marple, Jones Day Reavis & Pogue, Dallas, TX, for R.J. Reynolds Tobacco Co.

Morris Atlas, Atlas and Hall, McAllen, TX, D. Scott Wise, Michael S. Kim, Davis Polk and Wardwell, New York City, for RJR Nabisco, Inc.

Tom Arthur Lockhart, Adams and Graham, Harlingen, TX, for UST, Inc., U.S. Tobacc.

Winferd L. Dunn, Jr., Dunn Nutter Morgan and Shaw, Texarkana, AR, Bruce Ginsberg, Davis and Gilbert, New York City, for Hill & Knowlton, Inc.

William Key Wilde, Bracewell and Patterson, Houston, TX, Mark Edwin Lowes, Bracewell & Patterson, Houston, TX, for The Council for Tobacco Research–U.S.A. Inc.

Lea F. Courington, Dallas, TX, Scott W. MacLaren, Gwinn & Roby, Dallas, TX, for The Tobacco Institute, Inc.

Guy H. Allison, The Allison Law Firm, Corpus Christi, TX, Michael S. Sundermeyer, Williams and Connolly, Washington, DC, for Shook, Hardy & Bacon, P.C.

Charles C. Murray, Atlas & Hall, McAllen, TX, for Jesus Ramos, Jesus Ramos, Jr., Across Silva.

### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

JACK, District Judge.

On this day came on to be considered Defendants Brown & William Tobacco Corp. ("B & W"), British American Tobacco Company, Ltd. ("British"), Philip Morris, Inc. ("Philip Morris"), R.J. Reynolds Tobacco Company ("RJR"), Lorillard Tobacco Company & Knowlton, Inc. ("H & K"), The Council for Tobacco Research–U.S.A., Inc. ("CTR"), and Shook, Hardy, Bacon, P.C.'s ("Shook Hardy") Motion for Judgment on the Pleadings against Plaintiffs Margarita Perez, Sandra Garcia, and Cynthia Sanchez, as Individuals, Heirs at Law, Statutory Beneficiaries, and Legal Representatives of and on Behalf of the Estate of Gonzalo G. Garcia, Deceased. At the Motion Hearing on April 11, 1997, Defendants Batus Holdings, Inc., Philip Morris Companies, Inc., RJR Nabisco, Inc., Loews Corp., and UST, Inc. announced that they would join in the Motion for Judgment on the Pleadings subject to their objections to the Court's lack of in personam jurisdiction. For the reasons stated herein,

the Court GRANTS IN PART AND DENIES IN PART said Motion.

## I. JURISDICTION

This case was removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. FACTS AND PROCEEDINGS

Plaintiff Margarita Perez is the surviving spouse of Gonzalo Garcia, and Plaintiffs Sandra Garcia and Cynthia Sanchez are the surviving children of Gonzalo Garcia. In the 1950s, Mr. Garcia began smoking "Salem" and "Winston" cigarettes which were designed, manufactured, advertised, marketed, and sold by R.J. Reynolds Tobacco Company ("RJR"). On December 17, 1994, after years of addiction to RJR's cigarettes, Mr. Garcia was diagnosed with throat cancer. In spite of medical treatment and surgery, Mr. Garcia died from his illness on February 19, 1996.

This cause of action was originally filed on December 12, 1996, in the 229th Judicial District Court of Duval County, Texas, as Cause No. 16806. Plaintiffs complaint contains allegations of (1) conspiracy, (2) fraud and misrepresentation, (3) breach of express warranties, (4) breach of implied warranties, and (5) violation of the Texas Deceptive Trade Practices Act.

Defendants CTR, Batus, RJRN and Philip Morris Co. were served on January 7, 1997. On February 5, 1997, Defendants, claiming that the non-diverse Defendants had been fraudulently joined, removed this suit to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. On February 25, 1997, Plaintiffs filed a Motion to Remand. Arguments regarding this Motion were heard at the Initial Pre–Trial Conference on February 26, 1997. The Court found that diversity jurisdiction existed as the non-diverse defendants had been fraudulently joined. Accordingly, the Court denied Plaintiffs' Motion to Remand and dismissed the non-diverse defendants.

On February 27, 1997, Defendants filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c). The Plaintiffs responded on March 18, 1997. Defendants filed a Reply to Plaintiffs' Response on April 8, 1997. On April 11, 1997, a Motion Hearing was conducted at which arguments on Defendants' Motion for Judgment on the Pleadings were heard. On April 21, 1997, Plaintiffs filed a Supplemental Brief in opposition to the Motion for Judgment on the Pleadings. On April 25, 2997, Defendants filed a Supplemental Brief in support of their Motion for Judgment on the Pleadings. The Court now considers the Motion.

## III. DISCUSSION

### A. Standard of Review

■ A Rule 12(c) motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). Like a motion for summary judgment, a 12(c) motion should be granted only if there is no issue of material fact and if the pleadings show that the moving parties are entitled to prevail as a matter of law. *Smith v. McMullen,* 589 F.Supp. 642, 644 (S.D.Tex.1984). A court should dismiss a complaint under Rule 12(c) if it is beyond doubt that plaintiff can prove no set of facts that would entitle him or her to relief. *See, United States v. Sherlock,* 1996 WL 41845 (E.D.La.1996).

### B. Texas Statutory Bar

Texas statutory law protects a manufacturer or seller from liability in products liability actions if

(1) the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and

(2) the product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, *tobacco,* and butter, as identified in Comment i to Section 402A of the Restatement (Second) of Torts.

Tex.Civ.Prac. & Rem.Code § 82.004(a) (emphasis added). Further, Section 82.001 of

the Texas Civil Practice and Remedies Code defines a "products liability action" broadly as

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or *any other theory or combination of theories.*

Tex.Civ.Prac. & Rem.Code ¶ 82.001(2) (emphasis added). Only actions based on manufacturing defects or breach of express warranties are exempted from the § 82.004(a) bar. Tex.Civ.Prac. & Rem.Code § 82.004(b).

■ Because jurisdiction over this action is based on diversity of citizenship, this Court is bound to apply the substantive law of the State of Texas. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Rogers v. Corrosion Prods.,* 42 F.3d 292, 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995). Further, this Court must apply the state law as it currently exists, and may not change that law or adopt innovative theories of recovery. *Solomon v. Walgreen Co.,* 975 F.2d 1086, 1089 (5th Cir.1992) (per curiam).

■ In ascertaining the law of the forum state, a federal court "is bound to apply the law as interpreted by the state's highest court." *Texas Dept. of Housing & Community Affairs v. Verex Assur., Inc.,* 68 F.3d 922, 928 (5th Cir.1995) (quoting *Ladue v. Chevron U.S.A., Inc.,* 920 F.2d 272, 274 (5th Cir.1991)). "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 749 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996).

**1. Inherently Unsafe and Known to Be Unsafe**

■ The Fifth Circuit has found that "the dangers of cigarette smoking have long been known to the community." *Allgood v. R.J.* *Reynolds Tobacco Co.,* 80 F.3d 168, 172 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 300, 136 L.Ed.2d 218 (1996) (citing *Roysdon v. R.J. Reynolds Tobacco Co.,* 849 F.2d 230, 236 (6th Cir.1988); *Paugh v. R.J. Reynolds Tobacco Co.,* 834 F.Supp. 228, 230–31 (N.D.Ohio 1993)). Accordingly, this Court concludes that cigarettes are inherently unsafe and are known to be unsafe by ordinary consumers with the ordinary knowledge common to the community. Plaintiffs make two unconvincing arguments urging this Court not to follow the Fifth Circuit's *Allgood* opinion.

**a. Erie Argument**

Plaintiffs argue that according to *Erie* Doctrine, this Court is bound by the holding in *Grinnell v. The American Tobacco Co.,* 883 S.W.2d 791 (Tex.App.—Beaumont 1994, writ granted) that the dangers of smoking are not commonly known. Plaintiffs concede that the Fifth Circuit's recent interpretation of Texas law in *Allgood* holds that the dangers and hazards of smoking are common knowledge, but Plaintiffs insist that such an interpretation is erroneous.

■■ This Court is bound by *Allgood* the precedent of the Fifth Circuit. It is well established that a federal district court must generally apply an interpretation of law articulated by its circuit court of appeals. *See, Gacy v. Welborn,* 994 F.2d 305, 309 (7th Cir.1993) (noting that "[o]urs is a hierarchical judiciary", and that lower court judges are bound to apply the existing law as interpreted by the higher courts). Although *Gacy* involved a district court's departure from circuit court precedent on an issue of federal law, it is similarly well established that a district court sitting in diversity is generally bound by the state law interpretations of its circuit court. *See, e.g., Batts,* 66 F.3d at 747–48; *Mygsa, S.A. v. Howard Indus.,* 879 F.Supp. 624, 627 (S.D.Miss.1995) ("When the Mississippi Supreme Court has not spoken on an issue of state law, this Court is bound to follow the Fifth Circuit interpretation of state law."); *Gordon v. American Standard, Inc.,* 858 F.Supp. 621, 624 (S.D.Miss.1994).

Adherence by a federal district court to a circuit court's *"Erie* guess" is appropriate, even when there exists a decision from the state's intermediate level appellate court that is inconsistent with the circuit court's resolution of the state law issue. *See, Largoza v. General Elec. Co.,* 538 F.Supp. 1164, 1166 (E.D.Pa.1982) ("In the absence of an authoritative pronouncement from the state's highest tribunal, decisions of the lower state appellate courts should be accorded proper regard but not conclusive effect. In determining the proper regard to ascribe to decisions of intermediate state courts, a federal tribunal should be careful to avoid the danger of giving a state court decision a more binding effect than would a court of that state under similar circumstances.") Fifth Circuit precedents containing *Erie* predictions bind this Court unless "a subsequent state court decision or statutory amendment ... render[s] [the Fifth Circuit's] prior decision clearly wrong." *Batts,* 66 F.3d at 747. Thus, the Court finds Plaintiffs' argument that a 1994 Texas appellate court decision is more authoritative and binding upon this Court than a 1996 Fifth Circuit holding on the same issue lacks merit.

### b. "Manifestly Unjust" Argument

Plaintiffs also contend that Defendants cannot establish that tobacco products are inherently unsafe pursuant to § 82.004 since Defendants have previously claimed that their products do not pose health risks to consumers. Plaintiffs argue that it is "inconceivable" and "manifestly unjust" for Defendants to claim their products to be inherently unsafe. Plaintiffs have cited no authority nor any legal grounds for their assertion.

Although the doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding" *Ergo Science, Inc. v. Martin,* 73 F.3d 595, 598 (5th Cir.1996), Plaintiffs have not pled nor established that such estoppel is appropriate here.[1] The

Court finds Plaintiffs' argument to be both groundless and unpersuasive.

### 2. Products Liability Action

The broad and unambiguous definition of products liability actions under Texas Civil Practice and Remedies Code bars all actions against a manufacturer or seller of a common consumer product that is inherently dangerous and known in the community to be inherently dangerous for recovery of damages arising out of personal injury or death allegedly caused by a that product, except those actions based on theories of breach of express warranty or manufacturing defects. *See,* Tex.Civ.Prac. & Rem.Code §§ 82.001(2), 82.004. Plaintiff does not contend that the present action is not a products liability action as that term is defined by § 82.001.

### 3. Constitutionality of § 82.004

Plaintiffs argue that the Court should not apply § 82.004 of the Texas Civil Practice and Remedies Code to the present action since that statute violates the Texas Constitution.

#### a. Retroactive Legislation

Section 16 of the Texas Constitution provides that, "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Tex. Const. art. I, § 16. This provision makes retroactive laws which impair vested rights unconstitutional. *State of Texas v. Project Principle, Inc.,* 724 S.W.2d 387, 390 (Tex.1987); *Texas Water Rights Commission v. Wright,* 464 S.W.2d 642 (Tex. 1971). "A statute is not retroactive merely because it draws upon antecedent facts for its operation." *General Dynamics Corp. v. Sharp,* 919 S.W.2d 861, 866 (Tex.App.—Austin 1996, no writ) (quoting *Lewis v. Fidelity & Deposit Co.,* 292 U.S. 559, 571, 54 S.Ct. 848, 853, 78 L.Ed. 1425 (1934)). A statute is retroactive only if it operates before its effective date. *Id.* Section 82.004 was enacted in 1993 by the 73rd Texas Legislature and became effective to all suits filed after Septem-

---

1. Moreover, the doctrine of judicial estoppel is used to protect the integrity of the judicial process; it is intended to protect the courts rather than the litigants. *United States for Use of Ameri-* *can Bank v. C.I.T. Construction Incorp.,* 944 F.2d 253, 258 (5th Cir.1991); *Matter of Cassidy,* 892 F.2d 637, 641 (7th Cir.1990); *Reynolds v. Commissioner,* 861 F.2d 469, 472 (6th Cir.1988).

ber 1, 1993. Thus, the Court FINDS that § 82.004 did not operate prior to its effective date, and therefore is not retroactive legislation.

■ Even if a statute operates retroactively, it only violates the Texas Constitution if it destroys or impairs vested rights. *Project Principle*, 724 S.W.2d at 390; *Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex.1966). Here, Plaintiffs assert tort causes of action based on wrongful death and survivors claims. The decedent, Mr. Garcia, passed away on February 19, 1996. Prior to this date, Plaintiffs' claims could not have vested. Therefore, the Court FINDS that § 82.004 has not impaired any rights which were vested in the Plaintiffs prior to September 1, 1993.

### b. Open Courts

■ Section 13 of the Texas Constitution provides that, "[a]ll courts shall be open, and every person for an injury done him [or her], and his [or her] land, goods, person or reputation, shall have remedy by due courts of law." Tex. Const. art. I, § 13. To establish a right to redress under the open courts provision, a litigant must show (1) that he or she has a cognizable common-law cause of action, and (2) that restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose. *Diaz v. Westphal*, 941 S.W.2d 96, 100–01 (Tex.1997); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990).

■ The Texas legislature is not entitled to restrict or abrogate a common-law cause of action without a reasonable basis and without providing an adequate substitute; if the cause of action was not recognized by common law, but was created by the legislature, then any legislative abrogation would not be an abrogation of a constitutional right. *Moreno*, 787 S.W.2d at 355. At common law, no personal injury cause of action survived to a deceased tort victim's heirs, and the heirs had no claim for their own losses resulting from the tortious act. *Kramer v. Lewisville Memorial Hosp.* 858 S.W.2d 397, 403 (Tex.1993). Thus, plaintiffs

bringing wrongful death or survivors claims cannot satisfy the first prong of the open courts test. *See, Baptist Memorial Hosp. v. Arredondo*, 922 S.W.2d 120, 121–22 (Tex. 1996) (per curiam). Here, Plaintiffs bring wrongful death and survivor's claims, and thus do not have an open courts argument against § 82.004.

■ The Court FINDS Plaintiffs' arguments regarding the invalidity of § 82.004 under the Texas Constitution to be unpersuasive. Further, the Court notes that when "Texas courts have never been given the opportunity to render a clarifying and narrowing construction, refraining from a facial invalidation of a statute on constitutional grounds is the wiser course." *Familias Unidas v. Briscoe*, 619 F.2d 391, 400 (5th Cir. 1980); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

The Court FINDS that the Defendants' products complained of in this action are inherently dangerous common consumer products, the inherent dangers of which are commonly known in the community. The Court FINDS that the present action is one for recovery of damages arising out of personal injury or death allegedly caused by Defendants' products. (Pls.' Original Petition, ¶ 68.) Accordingly, the Court CONCLUDES that Plaintiffs' claims of (1) conspiracy, (2) fraud and misrepresentation, (3) breach of implied warranties, and (4) Deceptive Trade Practices are barred by § 82.004.

### C. Federal Preemption

■ The preemptive provision of the Federal Cigarette Labeling and Advertising Act of 1969 states that "[n]o requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promoting of cigarettes the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C. § 1334(b). The U.S. Supreme Court in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (plurality opinion)[2]

---

**2.** Although *Cipollone* is technically a plurality    opinion, "the holding of the plurality opinion

held that "[t]he phrase no 'requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common law rules." *Id.* at 521, 112 S.Ct. at 2620; *MacDonald v. Monsanto Co.,* 27 F.3d 1021, 1024 (5th Cir.1994). Courts should inquire "whether the legal duty that is the predicate of the common-law damages action constitutes a 'requirement or prohibition based on smoking and health ... imposed under State law with respect to ... advertising or promotions,' giving that clause a fair but narrow reading." *Cipollone,* 505 U.S. at 524, 112 S.Ct. at 2621. Claims which are not "predicated on a duty 'based on smoking and health' but rather on a more general obligation—the duty not to deceive" are not preempted. *Cipollone,* 505 U.S. at 528–31, 112 S.Ct. at 2624–25. The Fifth Circuit, applying *Cipollone,* has held that courts should "compare the particular language of a statute's preemption provision with each common law claim asserted to determine whether the common law claim is in fact preempted." *MacDonald,* 27 F.3d at 1024. Further, the Fifth Circuit has held that "to the extent that plaintiffs' claims are based on fraudulent concealment or a failure to warn" they are preempted. *Allgood v. R.J. Reynolds Tobacco Co.,* 80 F.3d 168, 171 (5th Cir.1996); *see also Cipollone,* 505 U.S. at 523 n. 22, 112 S.Ct. at 2621 n. 22.

The *Allgood* plaintiffs alleged that the defendants in that case (1) "fraudulently concealed the true purpose of the tobacco companies," (2) "discovered health risks of tobacco through their research, and fraudulently concealed that information from the public," and (3) "lulled Allgood into a false sense of security regarding his health and smoking." *Allgood,* 80 F.3d at 171. The *Allgood* court found that these claims were based on allegations that defendants misrepresented the health risks of cigarette smoking were preempted, and that the

that the language of § 1334(b) preempted the plaintiff's failure to warn claim can fairly be said to constitute the view of the Court because six members of the Court concurred in that conclusion." *MacDonald v. Monsanto Co.,* 27 F.3d 1021, 1024 n. 1 (5th Cir.1994); *King v. E.I.*

claims were therefore preempted by the Federal Cigarette Labeling and Advertising Act. *Id.*

■ Here, Plaintiffs allege that the Defendants (1) engaged in a conspiracy to negate the effects of studies that linked cigarette smoking with health hazards, (2) misled and confused the public about the health risks of smoking cigarettes, (3) concealed information about the harmful and addictive nature of tobacco use and/or nicotine, and (4) promoted and advertised their products so as to encourage the public to purchase and use cigarettes. (Pls.' Original Petition, ¶¶ 25–32, 35–39, 43–44, 58–59, and 61.) Basically, Plaintiffs' claims of (1) conspiracy, (2) fraud and misrepresentation, and (3) breach of implied warranties are claims alleging that the Defendants misrepresented and concealed the health risks of cigarette smoking. The Court FINDS that all of these claims are stem from duties based on smoking and health.

■ As to their breach of express warranty claim, Plaintiffs allege that Defendants expressly warranted: (1) that their products were not addictive, (2) that Defendants did not manipulate the nicotine levels in their products, (3) that Defendants did not intend to addict consumers of their products, and (4) that there were no adverse health effects arising from the use of their products. The Court FINDS that Plaintiffs' claim of breach of express warranties is based on a broader common law duty, the duty not to deceive.

Given the similarity of the allegations between this case and *Allgood,* the Court CONCLUDES that Plaintiffs' claims of (1) conspiracy, (2) fraud and misrepresentation, and (3) breach of implied warranties are preempted by the Federal Cigarette Labeling and Advertising Act 15 U.S.C. § 1334(b) pursuant to *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

*Dupont De Nemours & Co.,* 996 F.2d 1346, 1349 (1st Cir.), *cert. dismissed,* 510 U.S. 985, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 370 n. 4 (7th Cir. 1993).

### D. Non-Seller, Non–Manufacturer Defendants

■ "Under Texas law only actual sellers are liable for breach of warranty." *Allgood*, 80 F.3d at 170 (citing *Arceneaux v. Lykes Bros. Steamship Co., Inc.*, 890 S.W.2d 191 (Tex.App.—Beaumont 1994, writ denied)). "Even where a party has promoted a product, and made promises regarding that product, if the party is not the actual seller a claim for breach of warranty will not lie." *Id.* at 171 (citing *Charles E. Beard, Inc. v. Cameronics Technology Corp., Ltd.*, 729 F.Supp. 528 (E.D.Tex.1989), *aff'd*, 939 F.2d 280 (5th Cir.1991)).

■ Here, Plaintiffs allege that Mr. Garcia smoked "Salem" and "Winston" cigarettes which were designed, manufactured, advertised, marketed, and sold by R.J. Reynolds Tobacco Company ("RJR"). Plaintiffs have not alleged that any of the other Defendants were involved in the sale or manufacture of these products.

## IV. CONCLUSION

For the foregoing reasons, the Court FINDS that Plaintiffs can prove no set of facts that would entitle them to relief as to their claims of (1) conspiracy, (2) breach of implied warranties, (3) fraud and misrepresentation, and (4) violation of the Deceptive Trade Practices Act and FINDS that Defendants are entitled to prevail as a matter of law upon these claims. Further, the Court FINDS that Plaintiffs can prove no set of facts that would entitle them to relief from the non-seller, non-manufacturer Defendants on their claim of breach of express warranties.

Accordingly, the Court (1) GRANTS Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' claims of conspiracy, breach of implied warranties, fraud and misrepresentation, and violation of the Deceptive Trade Practices Act; (2) GRANTS Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' claim of breach of express warranties against Defendants Brown & William Tobacco Corp., British American Tobacco Company, Ltd., Batus Holdings, Inc., Philip Morris, Inc., Philip Morris Companies, Inc., R.J.R. Nabisco, Inc., Lorillard Tobacco Company, Loews Corp., UST, Inc., United States Tobacco Company, Hill & Knowlton, Inc., The Council for Tobacco Research–U.S.A., Inc., and Shook, Hardy, Bacon, P.C.; and (3) DENIES Defendants' Motion for Judgement on the Pleadings as to Plaintiffs' claim of breach of express warranties against Defendant R.J. Reynolds Tobacco Company. Therefore, the only remaining claim in this cause of action is Plaintiffs' claim against R.J. Reynolds Tobacco Company for breach of express warranties.