Craig Dennis JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00171–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

Roderick B. Glass, San Antonio, for appellant.

Mary Beth Welsh, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by CATHERINE STONE, Justice.

A jury found Craig Dennis Johnson guilty of sexual assault of a child and sentenced him to five years imprisonment. In two issues, Johnson challenges the legal and factual sufficiency of the evidence. We affirm Johnson's conviction.

By his only issues, Johnson complains there is insufficient evidence to support his conviction because there is no evidence that the victim was not his spouse. The indictment charged Johnson with intentionally and knowingly causing the penetration of the female sexual organ of Lakeisha Jones, a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon Supp. 2003) (a person commits the offense of sexual assault if he "intentionally or knowingly causes the penetration of the anus or female sexual organ of a child by any means"). The Penal Code defines "child" as any person younger than 17 years of age who is not the spouse of the accused. *Id.* § 22.011(c)(1). The Penal Code defines spouse as "a person who is legally married to another." *Id.* § 22.011(c)(2).

Texas recognizes two forms of marriage, ceremonial and common law. *See* TEX. FAM. CODE ANN. §§ 2.001, 2.401 (Vernon 1998). Because Lakeisha was under eighteen years of age, she needed parental consent or a court order before she could have entered into a ceremonial marriage with Johnson. *Id.* §§ 2.102, 2.103. However, no such consent is required for a common law marriage. For a common law marriage, all that is required is that the parties "agree to be married and after the agreement they live together in this state as husband and wife and they represent to others that they are married." *Id.* § 2.401.

To reverse Johnson's conviction, the record must contain either legally or factually insufficient evidence to support the jury's

finding that Lakeisha was not Johnson's spouse. In reviewing the legal sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex. Crim.App.1995). By contrast, in reviewing the factual sufficiency of the evidence, we view all of the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000). During our review of the sufficiency of the evidence, however, we must be appropriately deferential to the fact finder and may not substitute our own judgment for that of the jury or substantially intrude on the jury's role as the sole judge of the weight and credibility of witness testimony. *Id.*

In the case at bar, several witnesses provided testimony relevant to our review. Lakeisha testified that she met Johnson when she, her mother, and three sisters resided with her aunt, Beverly Robinson. According to Lakeisha, Johnson was her aunt's boyfriend. Linda Smith, Lakeisha's mother, testified she thought of Johnson as a brother-in-law because her sister Beverly and Johnson were in a serious relationship. In fact, Johnson and Beverly moved in together when Linda and her daughters moved out of Beverly's home. Steven Trujillo, the San Antonio Police Officer who initially investigated Lakeisha's claims, testified that his investigation led him to believe Johnson was a family friend of Lakeisha. Craig Johnson, Jr., Johnson's son, testified Lakeisha wanted to marry his father. Lastly, Crasinda Johnson, Johnson's daughter, testified La-keisha wanted to marry her father and have his baby.

In addition to this testimony, the jury also had before it Lakeisha's medical records following her assault. On these records, Lakeisha noted her marital status as single. Johnson contends that the aforementioned evidence is insufficient to support a jury finding that Lakeisha was not his spouse on the night of the assault. We disagree.

While the State could have elicited direct evidence on whether Lakeisha ever secured parental consent or a court order to marry Johnson, its failure to do so does not preclude a finding that Johnson and Lakeisha were not ceremonially married. A jury could find that Lakeisha was not Johnson's ceremonial spouse based on the medical records which indicate Lakeisha is single and the trial testimony that Johnson was nothing more than a family friend to Lakeisha. Similarly, a jury could find that Lakeisha was not Johnson's common law spouse based on the fact that Johnson and Lakeisha did not live together as husband and wife, which is an indispensable prerequisite to a common law marriage. The record indicates that Lakeisha lived with her mother and three sisters and not with Johnson.

Because a jury could reasonably find that Lakeisha was not Johnson's spouse, either ceremonially or under common law, we hold that the evidence is legally and factually sufficient to support the jury's verdict. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781; *Johnson,* 23 S.W.3d at 7. Johnson's challenges to the sufficiency of the evidence are therefore overruled.