Opinion issued December 9, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01065-CV




NICHOLAS B. CREEL, M.D. AND NICHOLAS B. CREEL, M.D., P.A,
Appellants

V.

FRANK MARTINEZ, JR., Appellee




On Appeal from the County Court at Law No. 2 and Probate Court
Brazoria County, Texas
Trial Court Cause No. 23,934




O P I N I O N
          In this appeal, we determine whether 17-year-old Holly Denise Orchard could
be survived by a common-law spouse when she died. To decide this issue, we
consider the constitutionality of section 2.401(c) of the Family Code, which prohibits
a minor from being a party to a common-law marriage. We also consider whether the
trial court lacked jurisdiction to proceed because the attorney general had not been
notified of the constitutional challenge to the validity of section 2.401.
BACKGROUND
          Holly Denise Orchard was born on February 20, 1980. On November 26, 1997,
Holly gave birth to Austin Reece Martinez. Tragically, she died two weeks later on
December 13, 1997, at the age of 17. On November 24, 1999, Frank Martinez, Jr.,
in both his individual capacity and as next friend of Austin, filed a lawsuit against Dr.
Nicholas Creel, M.D. for alleged acts of medical negligence relating to Holly’s death.
          On December 13, 1999, Frank filed an application to determine heirship,
claiming that he was Holly’s common-law spouse when she died. The trial court
consolidated the medical malpractice lawsuit and the application to determine
heirship and abated the medical malpractice action until it determined the matter of
heirship.
          Creel intervened in the heirship matter and moved for summary judgment,
contending that section 2.401(c) of the Texas Family Code,


 which became effective
on September 1, 1997, before Frank filed his application to determine heirship,
prevented Frank from asserting claims in his individual capacity based on his
purported status as Holly’s common-law husband. Frank responded that section
2.401(c) is unconstitutional because he and Holly were parties to a valid common-law
marriage before the statute became effective, and applying the statutory prohibition
in this case would have the effect of “divorcing” the couple on the effective date of
the statute. Such an interpretation, he contends, deprives him of his “vested rights.” 
The trial court denied Creel’s motion for summary judgment.
          The heirship matter proceeded to trial. In a motion for directed verdict, at the
jury charge conference, and in a motion for new trial, Creel continued to assert that
section 2.401 barred any legal recognition of Holly’s and Frank’s marriage. The trial
court, nevertheless, submitted the case to the jury. The jury found that Holly and
Frank were common-law married on July 24, 1997, before section 2.401(a) became
effective on September 1, 1997.
CONSTITUTIONALITY OF FAMILY CODE SECTION 2.401(C)

          Creel contends that the trial court erred in holding that section 2.401(c) of the
Family Code is unconstitutional as applied to Frank and Holly. To resolve this issue,
we decide two questions: (1) First, did prior law permit a 17-year-old to be a party
to a common-law marriage? (2) Second, does the retroactive application of section
2.401(c) deprive Frank of a “vested right” so as to render the statute unconstitutional
as applied to him?
1. Did prior law permit a 17-year-old to be a party to a common-law marriage?
          Texas law recognizes two forms of marriage—ceremonial and common law.
Johnson v. State, 103 S.W.3d 463, 463 (Tex. App.—San Antonio 2003, no pet.). A
ceremonial marriage requires parental consent for a person more than 14 years old,
but less than 18 years old, at the time of the marriage. Husband v. Pierce, 800
S.W.2d 661, 663 (Tex. App.—Tyler 1990, no pet.); Tex. Fam. Code Ann. § 2.102
(Vernon 1998). However, parental consent was not required to prove a common-law
marriage, before the enactment of section 2.401(c). See Johnson, 103 S.W.3d at 463. 
Instead, an underaged party to the marriage rendered the marriage voidable. See
Husband, 800 S.W.2d at 664; see also Tex. Fam. Code Ann. § 6.102(a) (Vernon
1998) (“The court may grant an annulment of a licensed or informal marriage of a
person 14 years of age or older but under 18 years of age that occurred without
parental consent or without a court order . . .”); see also Op. Tex. Att’y Gen. No. M-502 (1969).
          Thus, as of July 24, 1997—the date the jury concluded that Holly and Frank’s
common-law marriage began—it was permissible for a 17-year-old to enter into a
common-law marriage. Such a marriage, however, remained voidable until the minor
either died or reached the age of majority. See Tex. Fam. Code Ann. § 6.102
(Vernon 1998) (providing grounds for annulling marriage of a person between the
ages of 14 and 18); Tex. Fam. Code Ann. § 6.103 (Vernon 1998) (prohibiting
underage annulment after reaching the age of 18); Tex. Fam. Code Ann. § 6.111 
(Vernon 1998) (prohibiting annulment of voidable marriage after death of either party
to marriage).
2.      Does the retroactive application of section 2.401 deprive Frank of “vested
rights”?

          Deferring to the jury’s factual finding that Holly and Frank were common-law
married as of July 24, 1997, we consider what effect, if any, the Legislature’s
enactment of section 2.401(c) had on that marriage, occurring, as it did, before Holly
reached majority and before her death. Frank argues that section 2.401(c) should not
be applied to this case, because a retroactive application of the statute serves to
“divorce” him from Holly on the effective date of the statute.
          The Texas Constitution provides, “No . . . retroactive law . . . shall be made.” 
 Tex. Const. art. I, § 16. This constitutional proscription is, however, limited to
“vested rights.” See Subaru of America, Inc. v. David McDavid Nissan, Inc., 84
S.W.3d 212, 219 (Tex. 2002); City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d
1009, 1014 (1937). If a statute impairs or takes away vested rights, it may not be
made retroactive. Tex. Const. art. I, § 16; Merchants Fast Motor Lines, Inc. v.
Railroad Comm’n, 573 S.W.2d 502, 504 (Tex. 1978); Reames v. Police Officers’
Pension Bd. of City of Houston, 928 S.W.2d 628, 631(Tex. App.—Houston [14th
Dist.] 1996, no writ). Unless vested rights are destroyed or impaired, however, a law
is not invalid even though retroactive in operation. Corpus Christi People’s Baptist
Church, Inc., v. Nueces County Appraisal Dist., 904 S.W.2d 621, 626 (Tex. 1995). 
          A “vested right” implies an immediate right or an entitlement—it is not one
based upon a mere expectation or a contingency. Houston Indep. Sch. Dist. v.
Houston Chronicle Publ’g Co., 798 S.W.2d 580, 589 (Tex. App.—Houston [1st Dist.]
1990, writ denied). In Mellinger v. City of Houston, the Texas Supreme Court
described “vested rights” as follows:
[I]t must necessarily be held that a right, in a legal sense, exists, when
in consequence of the existence of given facts, the law declares that one
person is entitled to enforce against another a given claim, or to resist
the enforcement of a claim urged by another. Facts may exist out of
which in the course of time or under given circumstances, a right would
become fixed or vested by operation of existing law, but until the state
of facts which the law declares shall give a right comes into existence
there cannot be in law a right; and for this reason it has been constantly
held that, until the right becomes fixed or vested, it is lawful for the law-making power to declare that the given state of facts shall not fix it, and
such laws have been constantly held not to be retroactive in the sense in
which that term is used.

3 S.W. 249, 253 (Tex. 1887) (emphasis added).

          Similarly, in Ex parte Abell, the Texas Supreme Court observed:
[A] right cannot be considered a vested right unless it is something more
than such a mere expectation as may be based upon an anticipated
continuance of the present general laws; it must have become a title,
legal or equitable to the present or future enjoyment of a demand or a
legal exemption from the demand made by another.

613 S.W.2d 255, 261 (Tex. 1981). When the authority granting the right has the
power and discretion to take that right away, the right cannot be said to be vested. Id.
at 262; Grocers Supply Co., Inc. v. Sharp, 978 S.W.2d 638, 643 (Tex. App.—Austin
1998, pet. denied).
          Creel contends that, as of the effective date of section 2.401(c), Frank had no
vested right arising from his common-law marriage to a minor. We agree.
          Frank does not dispute that, on September 1, 1997, his common-law marriage
to Holly marriage was legal, but voidable, because Holly had not yet reached the age
of 18. He contends, however, that a marriage that is voidable because of the minority
of one of the participants nonetheless creates vested rights in the participants, as well
as against third parties. We disagree.
          To create a vested right, one of two events had to occur to “fix” Frank and
Holly’s right to remain married—either Holly’s reaching the age of majority or the
death of Frank or Holly. See Tex. Fam. Code Ann. §§ 6.103 & 6.111. None of these
events occurred before the effective date of section 2.401(c) of the Family Code. 
Frank and Holly’s right to remain married, thus, had not become “fixed” or “vested,”
and the Legislature’s enactment forbidding minors to be a party to a common-law
marriage rendered whatever contingent expectations Frank had for the common-law
marriage a nullity, as surely as if one of the parties, or the parents of the underaged
participant, had sought to avoid it. The Legislature, which possesses the authority to
grant the right to be married, retains the power to define the parameters of a marriage,
as well as to further condition any existing, but voidable, marriage. See Abell, 613
S.W. 2d at 262.
          To that end, we find Beck v. Beck, 814 S.W.2d 745 (Tex. 1991), to be
informative. In Beck, the husband and wife entered into a prenuptial agreement to
maintain separate property and to keep the income of such separate property separate. 
Id. at 746. The court held that the contract was voidable, but not void. Id. at 748. 
The husband claimed that the retroactive application of a statute permitting such
prenuptial agreements was unconstitutional because he had a vested community
property right in the income from the wife’s separate property, which arose by
operation of law when they married. Id. at 746. The court held that, because the wife
held a voidable interest in the prenuptial agreement, the husband’s community
property rights had never “vested.” Id. at 748. Just as the wife’s voidable interest in
the prenuptial agreement prevented the husband’s community property rights from
ever vesting, we conclude that Frank’s and Holly’s voidable marriage failed to create
any vested protection from a change in the law regarding informal marriages to
minors. Until their marriage was no longer voidable—either through Holly’s
reaching the age of majority or the death of either party—the Legislature was free to
change the terms and conditions under which they could remain married.
          Therefore, we hold that section 2.401(c) of the Family Code, as applied to the
facts present here, is not an unconstitutional retroactive law. As such, the trial court
erred by denying Creel’s motions for summary judgment and for directed verdict. 
Accordingly, we sustain points of error one and two.
JURISDICTION OF THE TRIAL COURT
          In point of error three, Dr. Creel, relying on section 37.006(b) of the Texas
Civil Practices and Remedies Code, contends that the trial court did not have
jurisdiction because the Attorney General was not given notice of the constitutional
challenge to section 2.401(c). Section 37.006(b) provides as follows:
In any proceeding that involves the validity of a municipal ordinance or
franchise, the municipality must be made a party and is entitled to be
heard, and if the statute, ordinance, or franchise is alleged to be
unconstitutional, the attorney general of the state must also be served
with a copy of the proceeding and is entitled to be heard.

Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (Vernon 1997) (emphasis added). 
This case does not involve the validity of a municipal ordinance or franchise. 
Therefore, section 37.006(b) does not apply.
          Accordingly, we overrule point of error three.
CONCLUSION
          Because we have determined that the trial court erred by declaring Frank
Martinez, Jr., an heir of the estate of Holly Denise Orchard, we reverse the judgment
of the trial court and remand the case for further proceedings. Because we have held
that Frank Martinez, Jr., individually, has no interest in the estate of Holly Denise
Orchard, we need not address Dr. Creel’s remaining issues on appeal, and decline to
do so. 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Christopher.