**CORPUS CHRISTI PEOPLE'S BAPTIST CHURCH, INC., Petitioner,**

v.

**NUECES COUNTY APPRAISAL DISTRICT et al.,
Respondents.**

**No. D–4333.**

Supreme Court of Texas.

Argued Oct. 20, 1994.

May 25, 1995.

Rehearing Overruled Sept. 14, 1995.

Charlotte A. Cover, David C. Gibbs, Jr., Conneaut, OH, Clyde Jackson, Jr., Corpus Christi, for petitioner.

Russell R. Graham, Kent M. Rider, Gregory E. Perry, Dan Morales, Austin, for respondents.

HECHT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, CORNYN, GAMMAGE and OWEN, JJ., join.

Persons in some categories exempt from property taxes must ordinarily apply for an exemption before May 1 of the year for which taxes are imposed. TEX.TAX CODE § 11.43. The Legislature has extended this deadline, however, for certain exemptions, including the religious organization exemption. *Id.* § 11.433. The case before us questions whether this particular statutory provision, section 11.433, violates either of two provisions of the Texas Constitution: article III, section 55, which prohibits the Legislature from extinguishing any person's obligation to the State, and article I, section 16, which prohibits retroactive laws. We hold it does not.

## I

Taxes are imposed upon real property each year as of January 1. TEX.TAX CODE § 21.02. On that date a lien authorized by article VIII, section 15 of the Texas Constitution attaches to the property to secure their payment. *Id.* § 32.01. The amount of taxes assessed is not determined until later in the year, however, when appraisals have been completed and tax rates set. *Id.* §§ 26.01 & 26.05. Tax bills must be mailed by October 1 of the year for which taxes are assessed, or as soon thereafter as practicable. *Id.* § 31.01. Taxes are due upon receipt of the bill, and if not paid by February 1 of the following year, the taxing unit may sue to collect the tax and foreclose its lien. *Id.* §§ 31.02 & 33.41.

Article VIII, section 2(a) of the Texas Constitution authorizes the Legislature to exempt the property of religious organizations from taxation, and the Legislature has exercised this authority. *Id.* § 11.20. To be entitled to the exemption, however, a religious organization, like certain others claiming tax exemptions, must apply to the chief appraiser in the district where the property

is located before May 1 of the first year for which the tax exemption is claimed. *Id.* § 11.43(a), (c) & (d). Application for the exemption in subsequent years need not be made unless the chief appraiser requires it. *Id.* § 11.43(c).

An application for exemption was first required of religious organizations in 1982, after section 11.43 of what was then the new Tax Code took effect. Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 3(a), 1979 Tex. Gen.Laws 2217, 2313. Before 1980, under the prior law, the procedure for claiming the exemption was for a religious organization to file with the taxing authority a sworn, itemized list of exempt property. Act approved May 14, 1931, 42nd Leg., R.S., ch. 124, § 1, 1931 Tex.Gen.Laws 211, 211–12 (formerly TEX.REV.CIV.STAT.ANN. art. 7150(1)). This statute was repealed, effective January 1, 1980, by the enactment of the new Tax Code. Act of May 26, 1979, 66th Leg., R.S., ch. 841, §§ 3(f) & 6(d), 1979 Tex.Gen.Laws 2217, 2315, 2330. The religious organization exemption under section 11.20 of the new Tax Code, which simply carried over from the prior law, became effective on January 1, 1980, along with other parts of the new Code. Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 3(f), 1979 Tex.Gen.Laws 2217, 2315. As already noted, however, this was two years before the effective date of section 11.43, governing applications for exemption. Thus, in 1980 and 1981 a religious organization was not required to file a list of property, make application, or do anything else to claim the property tax exemption.

The requirement of an application and the deadline for filing that application appear to have caught religious organizations and other tax-exempt persons unaware, with the result that some lost their exemption because they did not timely apply for it. *See* HOUSE COMM. ON WAYS & MEANS, BILL ANALYSIS, Tex.H.B. 835, 73rd Leg., R.S. (1993) (explaining the reason for the twelve-year extension enacted in 1993, which also applies to the six-year extension enacted three years earlier.) In response, the Legislature in 1990 enacted section 11.433, effective September 6, 1990, which states:

**§ 11.433. Late Application for Religious Organization Exemption**

(a) The chief appraiser shall accept and approve or deny an application for an exemption under Section 11.20 [for religious organizations] after the filing deadline provided by Section 11.43 if the application is filed not later than December 31 of the sixth year after the year in which the taxes for which the exemption is claimed were imposed.

(b) The chief appraiser may not approve a late application for an exemption filed under this section if the taxes imposed on the property for the year for which the exemption is claimed are paid before the application is filed.

(c) If a late application is approved after approval of the appraisal records for the year for which the exemption is granted, the chief appraiser shall notify the collector for each taxing unit in which the property was taxable in the year for which the exemption is granted. The collector shall deduct from the organization's tax bill the amount of tax imposed on the property for that year if the tax has not been paid and any unpaid penalties and accrued interest relating to that tax. The collector may not refund taxes, penalties, or interest paid on the property for which an exemption is granted under this section.

(d) The chief appraiser may grant an exemption for property pursuant to an application filed under this section only if the property otherwise qualified for the exemption under the law in effect on January 1 of the tax year for which the exemption is claimed.

(e) An application may not be filed under this section after December 31, 1991. Act of June 6, 1990, 71st Leg., 6th C.S., ch. 8, § 1, 1990 Tex.Gen.Laws 46. This is the provision at issue in this case. In 1993, the late application deadline was further extended when subsection (e) was amended to read as follows:

(e) Notwithstanding Subsection (a), the chief appraiser shall accept and approve or deny an application for an exemption under Section 11.20 after the filing deadline provided by Section 11.43 if the application

is filed not later than December 31 of the 12th year after the year in which the taxes for which the exemption is claimed were imposed and if the application is filed before January 1, 1995. This subsection expires January 1, 1996.

Act of May 30, 1993, 73rd Leg., R.S., ch. 971, § 1, 1993 Tex.Gen.Laws 4235. Section 11.433 does not extend the time for applying for an exemption if the taxes have already been paid, nor does it permit refunds.

Section 11.433 is similar to two other statutes enacted in 1991 permitting late applications for tax exemptions, although the permission granted by those two statutes has now expired. TEX.TAX CODE § 11.434 (six-year extension for school exemption until December 31, 1992); § 11.435 (two-year extension for charitable organization exemption until December 31, 1991); Act of May 27, 1991, 72nd Leg., R.S., ch. 836, §§ 6.3 & 6.4, 1991 Tex.Gen.Laws 2890, 2894–95. The Legislature has also extended the deadline for claiming a homestead exemption for a year after taxes are paid or become delinquent. TEX.TAX CODE § 11.431. Section 11.431, unlike sections 11.433–.435, appears to have been motivated by constitutional concerns. See Op.Tex. Att'y Gen. MW–259 (1980) ("A legislatively designated cutoff date for homestead exemption claims under article VIII, section 1–b of the Texas Constitution will not alone operate to deprive a taxpayer of an exemption . . ."); see also Op.Tex. Att'y Gen. JM–221 (1984) (section 11.431 permits tax refunds when homestead application is filed late).

## II

The Corpus Christi People's Baptist Church owns a tract of some 430 acres in Nueces County. A 24.33–acre piece of the tract has long been exempt from taxation and is not in dispute in this litigation. In 1990 the Church applied for and received an exemption for an additional 146.343 acres of the tract. At about the same time, Nueces County sued the Church to collect taxes assessed on the 146.343 acres from 1984 through 1989 that were never paid. This appears to have been the first effort to collect those taxes. Shortly after that suit was

filed, section 11.433 became effective, and about two months later the Church applied for an exemption for the 146.343 acres for the years 1984 through 1989. The Nueces County Appraisal District denied the application solely because it considered section 11.433 unconstitutional under article III, section 55 and article I, section 16 of the Texas Constitution. The Appraisal Review Board upheld the Appraisal District's decision.

The Church petitioned the district court for review. Nueces County's earlier-filed delinquent tax suit against the Church was consolidated with this action. The Attorney General intervened for the limited purpose of defending the constitutionality of section 11.433. The case was tried on stipulated facts. The Church abandoned its claim of exemption for the years 1984 and 1985, based upon the outcome of an unrelated lawsuit. The parties agreed that if, and only if, section 11.433 is constitutional, the Church is entitled to an exemption for the 146.343 acres for the years 1986–1989. The district court rendered judgment for the Church.

The court of appeals determined, as a threshold matter, that Nueces County, the Nueces County Appraisal District, and the Appraisal Review Board, which we refer to collectively as "the County", had standing to challenge the constitutionality of section 11.433. 860 S.W.2d 627, 630. The Church and the Attorney General do not challenge the County's standing in this Court, and given that the Church has standing and our disposition of the constitutional issues, we need not address that question. See Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 441 n. 1 (Tex.1993). The court of appeals held that section 11.433 violates article III, section 55 of the Texas Constitution and did not reach the County's arguments based upon article I, section 16. 860 S.W.2d at 631. Because we disagree with the court of appeals, we consider both constitutional provisions.

## III

■ Article III, section 55 of the Texas Constitution provides:

The Legislature shall have no power to release or extinguish, or to authorize the

releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

The County contends that once the process of levying taxes is completed for a given year and taxes become due, the amount assessed is an obligation to the taxing unit which section 11.433 cannot release or extinguish by extending the deadline for claiming an exemption.

The Church argues that delinquent taxes are not an "indebtedness, liability or obligation" within the meaning of section 55. We do not regard this argument as even plausible. For one thing, there would be no reason for section 55 to except taxes delinquent for ten years as it does if this section did not contemplate that taxes were an obligation within its purview. For another, it is simply too plain for argument that assessed taxes are an obligation owed to the taxing unit. We reached this unsurprising conclusion long ago. *Ollivier v. City of Houston,* 93 Tex. 201, 54 S.W. 943, 944 (1900).

Even though we believe taxes due are clearly an obligation to a taxing entity that cannot be forgiven under article III, section 55, we do not believe section 11.433 extends such forgiveness. Section 11.433 simply prescribes the time in which a tax exemption must be claimed. The County's argument that the Legislature is constitutionally forbidden to allow an exemption to be established after taxes have been assessed is too strict a reading of article III, section 55. As we noted above, the Legislature has prescribed various deadlines in the tax collection process: January 1 for imposition of taxes, July 25 for appraising property, September 1 for levying tax rates, October 1 for mailing tax bills, and February 1 for payment. The Legislature is likewise entitled to set a deadline for exemption applications. *See Sam Bassett Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879, 882 (1947). Just as the Legislature may make the religious organization exemption automatic, as it did in 1980 and 1981, it can extend the time for filing applications. *See Dickison v. Woodmen of the World Life Ins. Soc'y,* 280 S.W.2d 315, 317 (Tex.Civ.App.—San Antonio 1955, writ ref'd) (when the constitution permits, rather than prescribes, a particular exemption, the Legislature may ordinarily limit that exemption as it pleases).

Section 11.433 does not on its face extinguish any liabilities owed to a taxing authority. Indeed, if a religious organization does not apply for exemption within the extended period, the taxing unit is entitled to recover all delinquent taxes. Rather, the effect of section 11.433 is merely to delay the taxing authority from collecting taxes for a prescribed period of time until either the religious organization files for exempt status or fails to make late application. When an application is no longer allowed, the taxing unit is free to collect its taxes.

This tolling provision is similar to statutes of limitation, which we have held are permissible under article III, section 55. In *Sam Bassett Lumber Co.,* the City of Houston sought to obtain a personal judgment for delinquent property taxes. The defendant asserted limitations as a defense. The Court concluded that a ten-year statute of limitations did not violate article III, section 55 because limitation statutes do not release or extinguish a debt but merely affect the remedy when its enforcement is sought. 198 S.W.2d at 882 (citing *Goldfrank, Frank & Co. v. Young,* 64 Tex. 432, 434 (1885); *Limestone County v. Robbins,* 120 Tex. 341, 38 S.W.2d 580, 584 (1931); *Central Nat'l Bank v. Latham,* 22 S.W.2d 765, 768 (Tex.Civ.App.—Austin 1929, writ ref'd)).

We conclude that section 11.433 merely determines the procedures for claiming a religious organization exemption and does not release or extinguish tax obligations. Accordingly, we hold that section 11.433 does not violate article III, section 55 of the Texas Constitution.

## IV

■ The County also asserts that section 11.433 is a retroactive law prohibited by article I, section 16 of the Texas Constitution, which states: "No bill of attainder, ex post

facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

■ Unless vested rights are destroyed or impaired, a law is not invalid even though retroactive in operation. *State v. Project Principle, Inc.*, 724 S.W.2d 387, 390 (Tex. 1987). Section 11.433 may be said to have some retroactive effect in that it allows an exemption to be established after taxes are assessed. However, as we have already determined, section 11.433 does not extinguish any tax liability; it simply prescribes the timing for collection. A taxing unit has no vested right to taxes until the exemption is determined. Section 11.433 does not retroactively confer an exemption; it extends the time for determining whether an exemption is warranted. Thus, section 11.433 is not a retroactive law in violation of article I, section 16.

\* \* \* \* \* \*

Because we hold that section 11.433 does not violate either article III, section 55 or article I, section 16 of the Texas Constitution, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

ENOCH, Justice joined by GONZALEZ, HIGHTOWER and SPECTOR, Justices dissenting.

Section 11.433 seeks to retroactively attach exempt status to the property of religious organizations. It is available only to delinquent taxpayers. Tex.Tax Code § 11.433(b). Continuing its beneficence to those who fail to pay their taxes, *see Syntax, Inc. v. Hall*, 899 S.W.2d 189 (Tex.1995) (delinquent taxpayer entitled to excess proceeds of resale by taxing unit despite lack of any interest in the property), the Court gives short shrift to the Texas Constitution and erroneously concludes that section 11.433 of the tax code violates neither article III, section 55 nor article I, section 16 of the Texas Constitution. Section 11.433 of the Tax Code violates the plain meaning of both provisions of the Texas Constitution. I respectfully dissent.

## I.

Under article III, section 55 of the Texas Constitution, the *only* tax liabilities the Legislature has any power to forgive are delinquent taxes that have been due for at least ten years. Tex. Const. art. III, § 55. Otherwise, the Legislature has "no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part," the tax liability of any corporation or individual owed to the County. *Id.* The delinquent taxes at issue in this case are for tax years 1986–89 and thus not within the Legislature's power to forgive. By retroactively attaching exempt status to the Church's property, section 11.433 forgives the original tax liability for those years contrary to the plain terms of article III, section 55.

The Court concludes that section 11.433 does not extinguish or release any such obligation, but simply limits the County's remedy for collecting the taxes. 904 S.W.2d at 625. This limitation, the Court asserts, is akin to statutes of limitation which we have held do not violate article III, section 55. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 882 (1947). Section 11.433 does not have a similar effect.

It is undisputed that, but for the late application, the Church's property is entitled to an exemption under section 11.20. Tex.Tax Code § 11.20. An exemption under section 11.20 must be claimed by May 1 of the year for which the exemption is sought. *Id.* § 11.43(d). Once allowed, the section 11.20 exemption need not be claimed in subsequent years except in certain situations not relevant here. *Id.* § 11.43(c). The Church, although entitled to an exemption, did not claim the exemption for the years 1986–89 and the Church's property became subject to taxation. Taxes were levied and assessed and became due on receipt of the tax bill. *Id.* § 31.02(a). The taxes became delinquent when they were not paid by February 1 of the year following the year in which the taxes were imposed. *Id.* Section 11.433 does not simply limit the County's remedy by precluding the County from enforcing its remedy to collect the unpaid taxes for six years. This provision seeks to retroactively

attach exempt status to property when taxes have already been levied and assessed and are delinquent. Section 11.433 of the Texas Tax Code violates article III, section 55 of the Texas Constitution.

## II.

Unquestionably, section 11.433 is retroactive in operation by permitting retroactive attachment of exempt status to property for prior tax years. The retroactive effect of a statute, however, does not itself violate article I, section 16. A statute must also impinge on vested rights. *State v. Project Principle, Inc.*, 724 S.W.2d 387, 390 (Tex. 1987). In this regard, our article I, section 16 has been interpreted by this Court as broader than the federal counterpart, article I, sections 9 and 10 of the United States Constitution. *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249, 253 (1887).

The prohibition in the Texas Constitution is broader because unlike the Federal Constitution, article I, section 16 prohibits not only bills of attainder, *ex post facto* laws, and laws impairing the obligation of contracts, but also prohibits retroactive laws. *Id.* By prohibiting retroactive laws, our Constitution protects not only property rights, but any other rights that have vested prior to the passage of any law, which if retroactively applied, would take away those rights. *Id.*

In 1887, this Court wrote about those rights subject to protection under article I, section 16 as follows:

> [I]t must necessarily be held that a right, in a legal sense, exists, when, in the consequence of the existence of given facts, the law declares that one person is entitled to enforce against another a given claim, or to resist the enforcement of a claim urged by another. Facts may exist out of which, in the course of time or under given circumstances, a right would become fixed or vested by operation of existing law, but until the state of facts which the law declares shall give a right comes into existence there cannot be in law a right; and for this reason it has been constantly held that, until the right becomes fixed or vested, it is lawful for the law-making power to declare that the given state of facts shall

not fix it, and such laws have been constantly held not to be retroactive in the sense in which the term is used.

*Mellinger*, 3 S.W. at 253. Interpreting the rights protected under article I, section 16 in this manner, the Court struck down as retroactive a statute that eliminated a delinquent taxpayer's right to rely on limitations as a defense to a tax collection suit when limitations had run prior to enactment of the statute. *Id.* at 254–55.

Agreeing that section 11.433 has a retroactive effect, the Court concludes that section 11.433 nonetheless is constitutional because it does not impinge on any vested rights. 904 S.W.2d at 626. The retroactive extension of exempt status under section 11.433, however, extinguishes the existing tax liability owed to the County. The taxes, which are due on receipt of the tax bill and become delinquent if not paid by February 1 of the following year, represent a liability that has matured and for which the taxing unit may enforce collection. Tex.Tax Code §§ 31.02(a), 33.41. That right to collect delinquent taxes cannot be taken away by the retroactive application of an exemption. *Mellinger*, 3 S.W. at 253.

Moreover, section 11.433 destroys the County's vested constitutional and statutory tax liens in the property. Tex. Const. art. VIII, § 15; Tex.Tax Code § 32.01. The Texas Property Tax Code provides that although a lien attaches as of January 1 of the year for which any taxes, penalties, or interest may become due, the tax lien may be foreclosed only after the taxes on the property become delinquent. Tex.Tax Code §§ 32.01, 33.41. There can be no dispute that at the time section 11.433 was enacted in 1990, the County possessed constitutional and statutory tax liens that could be enforced and foreclosed to collect the delinquent taxes owed for tax years 1986–89. With the late application and allowance of a retroactive exemption, section 11.433 destroys the County's valid, existing, and mature tax liens in violation of article I, section 16 of the Texas Constitution.

Because I would hold that section 11.433 violates both article III, section 55 and article I, section 16 of the Texas Constitution, I

would affirm the judgment of the court of appeals. I dissent.