ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 12, 2003

The Honorable Kenneth Armbrister
Chair, Senate Committee on Natural Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0071

Re: Whether article III, section 55 of the Texas Constitution prohibits the rebate of municipal sales taxes (RQ-0011-GA)

Dear Senator Armbrister:

On behalf of the City of Rosenberg, you ask whether article III, section 55 of the Texas Constitution prohibits the rebate of municipal sales taxes.[1]

As background to your request, you inform us that the City of Rosenberg (the "City") is concerned that some municipalities "have adopted the practice of providing financial incentives for economic development by rebating sales tax to retain and/or attract certain businesses" pursuant to article III, section 52-a of the Texas Constitution and chapter 380 of the Local Government Code.[2] The City notes that sometimes a "purchasing company" may negotiate a sales tax rebate from the "municipality where it is located, despite the fact that the inventory or place of sale may be located in another municipality."[3] It asserts that this practice deprives the second municipality "from recoupment of the cost of municipal services expended that supported the production of the inventory."[4]

The state imposes a state sales tax under chapter 151 of the Tax Code. See TEX. TAX CODE ANN. § 151.051(a) (Vernon 2002) ("A tax is imposed on each sale of a taxable item in this state."), (b) ("The sales tax rate is 6 1/4 percent of the sales price of the taxable item sold."). A municipality

---

[1]You submitted this request in your former capacity as chair of the Senate Committee on Criminal Justice. See Letter from Honorable Kenneth Armbrister, Chair, Committee on Criminal Justice, Texas State Senate, to Susan Gusky, Division Chief, Opinion Committee, Office of the Attorney General (Dec. 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter]; Letter from Steven L. Weathered, City Attorney, City of Rosenberg, to Steve Foster, General Counsel, Senate Committee on Criminal Justice, at 1 (Nov. 25, 2002) (attached to Request Letter) [hereinafter City of Rosenberg Letter].

[2]City of Rosenberg Letter, supra note 1, at 1.

[3]Id.

[4]Id.

may impose an additional sales tax under chapter 321 of the Tax Code. *See id.* § 321.101. A person who makes a sale subject to these taxes is required to add the amount of the taxes to the sales price and to remit the taxes to the Comptroller, *see id.* §§ 151.052(a), 151.401-.432, 321.201, 321.301, who then sends the municipal tax to the municipality, *see id.* §§ 321.501-.505.

We understand that the City of Rosenberg asks about an arrangement whereby a business collects municipal sales taxes when making sales and remits them to the Comptroller as required by law.[5] The city where the sales take place then provides the business with a tax rebate based on the amount of municipal sales taxes the business has collected as an economic development grant.[6] Although the City suggests that the business has changed the location of its sales in order to minimize paying municipal sales taxes, we do not understand the City to ask about that practice. Rather, the City asks whether "the rebate of sales tax" is "a release or extinguishment" of an "'indebtedness, liability, or obligation'" for purposes of article III, section 55,[7] which provides as follows:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

TEX. CONST. art. III, § 55.

"A tax that has been levied and has become a liability matured under a tax statute is an indebtedness or obligation within the meaning of this provision of the Constitution." *Smith v. State*, 420 S.W.2d 204, 209 (Tex. Civ. App.–Austin), *aff'd*, 434 S.W.2d 342 (Tex. 1968). "[T]axes due are clearly an obligation to a taxing entity that cannot be forgiven under article III, section 55." *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 625 (Tex. 1995). However, the City asks about sales tax rebates rather than the forgiveness of taxes. Here, a business collects and remits municipal sales taxes but then later is paid moneys by the municipality based on the amount of municipal sales taxes the business has collected. The municipality has not released or extinguished an obligation to the state or municipality if the business has collected and remitted the sales taxes as required by law.

---

[5]*See* Letter from Kerry L. Neves, City Councilman and Mayor Pro Tem, City of Dickinson, to Susan Gusky, Division Chief, Opinion Committee, Office of the Attorney General, at 1 (Feb. 19, 2003) (on file with Opinion Committee) ("The economic development plans do not alter any tax collection responsibility imposed by the Texas Tax Code.").

[6]*See id.*

[7]City of Rosenberg Letter, *supra* note 1, at 1.

The City also notes that this office has concluded that section 380.001 of the Local Government Code does not authorize a municipality to abate delinquent taxes.[8] *See* Tex. Att'y Gen. LO-95-090. Section 380.001(a) provides that "[t]he governing body of a municipality may establish and provide for the administration of one or more programs, including programs for making loans and grants of public money and providing personnel and services of the municipality, to promote state or local economic development and to stimulate business and commercial activity in the municipality." TEX. LOC. GOV'T CODE ANN. § 380.001(a) (Vernon Supp. 2003). The legislature enacted section 380.001 to implement article III, section 52-a of the Texas Constitution. *See* Tex. Att'y Gen. Op. Nos. JC-0092 (1999) at 8 (section 380.001 implements article III, section 52-a); DM-185 (1992) at 4-5 (same). Article III, section 52-a authorizes the legislature to

> provide for the creation of programs and the making of loans and grants of public money, other than money otherwise dedicated by this constitution to use for a different purpose, for the public purposes of development and diversification of the economy of the state, the elimination of unemployment or underemployment in the state, the stimulation of agricultural innovation, the fostering of the growth of enterprises based on agriculture, or the development or expansion of transportation or commerce in the state.

TEX. CONST. art. III, § 52-a. In essence, section 52-a establishes that economic development is a legitimate public purpose for public spending. *See* Tex. Att'y Gen. Op. Nos. JC-0092 (1999) at 8 (article III, section 52-a "provid[es] that programs fostering economic growth or loans or grants of public funds to assist private businesses to foster economic growth serve a public purpose"); JM-1255 (1990) at 8-9 (article III, section 52-a clarifies that economic development is a public purpose but does not repeal requirements of article III, section 52); *see also* TEX. CONST. art. III, § 52(a) (prohibiting political subdivisions, including cities, from lending their credit or granting public money to individuals, corporations and associations); *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002) (article III, section 52 "does not prohibit payments to individuals, corporations, or associations so long as the statute requiring such payments: (1) serves a legitimate public purpose; and (2) affords a clear public benefit received in return").

In the letter opinion the City cites, this office concluded that article III, section 52-a does not create an exception to the prohibition against releasing obligations in article III, section 55 and that section 380.001 does not permit a municipality to abate a taxpayer's delinquent taxes as part of an economic development program. *See* Tex. Att'y Gen. LO-95-090, at 3. In addition, the City cites another letter opinion concluding that article III, section 55 prohibits a taxing unit from reducing the amount of delinquent taxes owed on real property. *See* Tex. Att'y Gen. LO-96-099. Because the City does not ask about abatement or reduction of delinquent taxes but rather about the rebate of taxes a business has collected and remitted as required by law, those letter opinions are inapposite.

---

[8]*Id.* at 2.

The City's query is limited to whether sales tax rebates violate article III, section 55. We do not consider whether statutes and the constitution authorize any particular sales-tax-based grant of public funds.[9]

---

[9]*See, e.g.*, Tex. Att'y Gen. Op. No. JC-0092 (1999) (addressing authority of county to enter into agreement to make payments of county funds to a private company that would be the economic equivalent of an abatement of real property taxes).

## S U M M A R Y

If a business collects and remits municipal sales taxes as required by law, the city's rebate of those taxes to the business does not violate article III, section 55 of the Texas Constitution. *See* TEX. CONST. art. III, § 55 (prohibiting the legislature and political subdivisions from "releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual" to the state or political subdivision).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee