# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

—————

## NO. 03-08-00291-CV

—————

**Susan Combs, in her Official Capacity as Comptroller of Public Accounts
for the State of Texas, Appellant**

**v.**

**City of Webster, Webster Economic Development Corporation, City of Denton,
City of Humble, City of Lewisville, City of Mesquite, City of North Richland Hills,
City of Plano, City of Waco, Denton County Transportation Authority, and
Fort Worth Transportation Authority, Appellees**

—————

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GV-06-001823, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

—————

## CONCURRING AND DISSENTING OPINION

Appellees' UDJA claims fall squarely within the jurisdiction of the courts, and the Comptroller's plea to the jurisdiction on those claims was properly denied by the trial court. Citing the supreme court's holding in *Cobb v. Harrington*, 190 S.W.2d 709 (Tex. 1945), and quoting this Court's prior opinion in *Texas Department of Insurance v. Reconveyance Services, Inc.*, 240 S.W.3d 418, 434 (Tex. App.—Austin 2007, pet. filed), the majority finds, "'[I]t is well-established that Texas courts have subject-matter jurisdiction to declare illegal or enjoin agencies' acts that misinterpret *and misapply* the laws they are charged with administering.'" *See Combs v. City of Webster*, No. 03-08-00291, slip op. at 16 (Tex. App.—Austin Oct. 2, 2009). The majority, however, then ignores its own statement of the law and dismisses appellees' misinterpretation claim,

while remanding appellees' misapplication claim for further proceedings. Because I conclude that the trial court had jurisdiction over both appellees' misinterpretation and misapplication claims for declaratory judgment, I dissent from that portion of the majority's opinion dismissing appellees' claim that the Comptroller misinterpreted the statute and acted without legal authority in reallocating tax revenues from appellees to the City of Grand Prairie. I also dissent from that portion of the majority's opinion dismissing appellees' constitutional claims.

### *Declaratory Judgment Claims*

In *Cobb v. Harrington*, a taxpayer sued the Comptroller seeking a declaration that it was not legally liable to pay an occupation tax for "motor carriers." 190 S.W.2d at 710. The supreme court held that the taxpayer's action for declaratory judgment was proper because the Comptroller misinterpreted the tax code and, therefore, acted without legal authority in compelling the taxpayer to pay a tax applicable to motor carriers. *Id.* at 712. Like the taxpayer in *Cobb v. Harrington*, appellees claim that the Comptroller misinterpreted the tax code's definition of "place of business" and, therefore, acted without legal authority in reallocating the tax revenues from appellees to Grand Prairie. The majority agrees that the issue is whether appellees have alleged an ultra vires claim. *Combs*, *supra*, slip op. at 11-12.

Relying on the supreme court's holding in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), however, the majority concludes that appellees' claim that the Comptroller misinterpreted the statute cannot fall within the ultra vires exception to sovereign immunity unless the Comptroller's interpretation of the statute is unreasonable or inconsistent with the legislative intent. *Combs*, *supra*, slip op. at 15 ("To fall within the ultra vires exception to sovereign immunity,

2

a suit must allege and ultimately prove, that the state official acted without legal authority or failed to perform a ministerial act." (citing *Heinrich*, 284 S.W.3d at 372)). The majority misreads *Heinrich*.

In *Heinrich*, the supreme court explained that when a statute provides that an agency's interpretation of the statute is final and binding, there is no right of judicial review to that interpretation. *See Heinrich*, 284 S.W.3d at 371 n.3 (citing and discussing *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151 (Tex. 2007)). Stated differently, there is no right to judicial review where a statute gives an agency exclusive authority to interpret the act. *Id.* But the supreme court acknowledged that "[a] different case [is] presented" when a statute does not give an agency exclusive authority to interpret a statute and the plaintiff alleges that the agency is violating the statute. *Id.*

Applying the supreme court's analysis here, the tax code does not give the Comptroller exclusive authority to interpret the relevant statutory provisions,[1] and appellees have alleged that the Comptroller has misinterpreted section 321.002(a)(3) of the tax code and that her resulting reallocation of tax revenues from appellees to the City of Grand Prairie violates that act. *See id.* Because appellees contend that the Comptroller reallocated their tax revenues without any statutory authority, appellees' suit seeks to compel the Comptroller to comply with state law. That claim is not prohibited by sovereign immunity, and the trial court thus had jurisdiction to consider whether the Comptroller misinterpreted section 321.002(a)(3) of the tax code. *See id.* at 372 ("[I]t

---

[1] Had the legislature intended to give the Comptroller exclusive jurisdiction to interpret the relevant statutory provisions, it could have done so. *See, e.g.*, Tex. Tax Code Ann. § 151.0101(b) (giving the comptroller exclusive jurisdiction to interpret the definition of "taxable service" in subsection 151.0101(a) of the tax code).

3

is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity."); *see also Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (suits to compel state officers to act within their official capacity are not "suits against the State," and, therefore, do not implicate sovereign immunity).

Finding that the jurisdictional inquiry "overlaps with" the merits of appellees' claim, the majority goes on to consider whether the Comptroller's interpretation of section 321.002(a)(3) of the tax code was reasonable. *Combs*, *supra*, slip op. at 14-15. The supreme court has confirmed that a trial court exercises its discretion in determining whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). Given appellees' allegations that the Comptroller withheld discovery regarding her past interpretations of the relevant statutory provisions at issue, I would conclude that the trial court acted within its discretion to deny the Comptroller's plea to the jurisdiction.

Upon determining that the Comptroller's interpretation was reasonable, the majority concludes that appellees' misinterpretation claim should be dismissed. Although questions of statutory construction are questions of law, at this juncture, it is unnecessary here to reach the merits of appellees' claim to decide the jurisdictional inquiry because appellees have alleged that the Comptroller has both misinterpreted the statutory definition of "place of business" and violated the law by reallocating tax revenues from appellees to the City of Grand Prairie. *See Heinrich*, 284 S.W.3d at 370 n.3. "[T]he proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply

to establish jurisdiction." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). It is merely an empty tautology to assert that the merits must be reached to address the threshold jurisdictional inquiry.[2]

### Constitutional Claims

While I agree with the general principle that appellees must assert a vested right in order to maintain their constitutional claims, I disagree with the majority's analysis of whether appellees have a vested right in their sales tax revenues under the facts of this case. Relying on the supreme court's holding in *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal District*, 904 S.W.2d 621, 626 (Tex. 1995), the majority concludes that appellees have no vested right to their sales tax revenues during the period in which a taxpayer may request a refund. *See Combs*, *supra*, slip op. at 9-10. The majority, however, fails to address appellees' argument that the State does not own the tax revenues at issue because such revenues are merely held in trust by the Comptroller for the benefit and use of appellees pursuant to the tax code. *See* Tex. Tax Code Ann. §§ 321.101, .103-.104, .501 (West 2008). Nor does the majority address conflicting supreme court authority cited by appellees in which the supreme court held that taxing units, including cities

---

[2] In any event, the trial court did not have the benefit of the supreme court's decision in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), when it issued the order denying the Comptroller's plea to the jurisdiction on April 11, 2008, since *Heinrich* was not released until over a year later on May 1, 2009. *See id.* Thus, I would affirm the trial court's order, or, in the alternative, I would remand both of appellees' UDJA claims for reconsideration in light of *Heinrich*. *See* Tex. R. App. P. 43.3; *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993) (remanding cause in the interest of justice for reconsideration in light of new standard announced by court).

5

and school districts, have a vested right in funds derived from local taxation. *See Love v. City of Dallas*, 40 S.W.2d 20, 29 (Tex. 1931).

The supreme court's analysis and holding in *Corpus Christi People's Baptist Church* was based on a single taxpayer's belated claim of a religious exemption from liability for real property taxes. *See* 904 S.W.2d at 624-25. In concluding that a challenged statute "merely determined the *procedures* for claiming a religious organization exemption," *id.* at 625 (emphasis added), the supreme court did not cite or otherwise reference or overrule its prior holding in *Love v. City of Dallas* regarding a taxing unit's vested right to funds derived from local taxation. *See id.* at 626. Moreover, the facts of *Corpus Christi People's Baptist Church* did not involve allegations of a taxing unit's coordinated lobbying efforts and taxpayer refund requests to encourage the Comptroller to change her longstanding interpretation and application of Texas tax law. Nor did that case involve a situation in which a municipality's tax revenues are held in trust by the Comptroller for the benefit and use of the municipality. For these reasons, I find the majority's reliance on *Corpus Christi People's Baptist Church* misplaced, and I dissent from that portion of the majority's opinion dismissing appellees' constitutional claims.

## CONCLUSION

Because I would conclude that the trial court had jurisdiction over appellees' claim that the Comptroller misinterpreted, as well as misapplied, the statute at issue, I respectfully dissent

6

from that portion of the majority opinion dismissing appellees' claim that the Comptroller misinterpreted the statute and acted without legal authority in reallocating the tax revenues at issue. I likewise dissent from that portion of the majority's opinion dismissing appellees' constitutional claims.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: October 2, 2009

7