# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00612-CV

**Scott Hamilton, Appellant**

**v.**

**County of Bastrop, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT
### NO. 9999, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Scott Hamilton filed a petition to recover excess proceeds from a delinquent tax sale under tax code section 34.04. Hamilton based his claims on purported assignments to a total of $10,396.44 of the excess proceeds that he had obtained from the property owner's heirs. He had paid only $2,000 for the assignments. Relying on amendments to tax code section 34.04 that took effect during the pendency of Hamilton's petition, the district court awarded Hamilton only $2,500. In eight issues, Hamilton argues principally that the district court erred in refusing to award him the full $10,396.44 because the amendments to section 34.04 do not apply to his claim and, if they do, that their application infringes his "vested rights" in violation of various constitutional protections. Hamilton also complains that Bastrop County lacked standing to file a response in opposition to his petition. We will affirm the district court's judgment.

## BACKGROUND

Bastrop County sued Rodney C. Gibson for delinquent taxes, penalties, and interest, and, after Gibson failed to answer, took a default judgment. The district clerk issued an order of sale and a bill of costs. After the real property at issue was sold and taxes, penalties, and interest under the judgment were satisfied, there remained $15,594.66 in excess proceeds from the sale. The excess proceeds were deposited with the district clerk on December 22, 2008.

Gibson died on February 26, 2009, leaving his estate to his mother, his two brothers, and his sister. On July 25, 2009, Gibson's mother and Hamilton purported to execute an assignment of her rights in the excess proceeds (a one-half share, or $7,797.33) in exchange for Hamilton's payment of $1,500 to her. Similarly, on July 31, 2009, one of Gibson's brothers and Hamilton purported to execute an assignment of the brother's interest in the excess proceeds (a one-sixth share, or $2,599.11) for $500. Thus, as of July 31, 2009, Hamilton claimed to own assignments to a total of $10,396.44 of the excess proceeds from the sale of Gibson's real property, for which he had paid only $2,000.

Relying on these assignments, Hamilton filed a petition in district court requesting release of $10,396.44 in excess proceeds to him. Claims to excess proceeds from tax sales were, and continue to be, governed by section 34.04 of the tax code. On September 1, 2009, while Hamilton's petition was still pending, amendments to section 34.04 took effect that prohibit a person from taking an assignment of a property owner's claim to excess proceeds unless the person pays the owner consideration of at least eighty percent of the owner's claim amount. *See* Act of May 14, 2009,

2

81st Leg., R.S., ch. 254, § 2, 2009 Tex. Gen. Laws 698, 699 (codified as amended at Tex. Tax Code Ann. § 34.04 (West Supp. 2009)).

On September 4, 2009, the County filed a response to Hamilton's petition urging the district court to deny it because Hamilton had paid less for his purported assignments than the newly effective amendments to section 34.04 now required—$8,317.15.[1] *See* Tex. Tax Code Ann. § 34.04(b). Following two hearings held on September 9 and 30, 2009, the district court, applying amended section 34.04, awarded Hamilton only $2,500 of the excess proceeds. This amount corresponded to the maximum assignment that amended section 34.04 would have permitted Hamilton to obtain for the $2,000 he paid.[2] *See id.* § 34.04(j). On October 9, 2009, the district clerk issued a $2,500 check to Hamilton. This appeal followed.

**ANALYSIS**

In eight issues, Hamilton, who is representing himself, asserts essentially three sets of arguments. First, in his third and seventh issues, Hamilton disputes whether, as a matter of statutory construction, the September 1, 2009 amendments to tax code section 34.04 apply to his claims. Second, in his first, second, and fourth through sixth issues, Hamilton complains of several different asserted constitutional violations that are each predicated on his claim to a "vested right" to the $10,396.44 in excess proceeds under the assignments. Finally, in his eighth issue, Hamilton argues that the County lacked standing to file a response in opposition to his petition.

---

[1] This figure is eighty percent of $10,396.44.

[2] $2,000 is eighty percent of $2,500.

3

**Applicability of amendments**

Hamilton argues that the legislature did not intend the 2009 amendments to apply to pending claims to excess tax sale proceeds. To the contrary, the amendments explicitly provided:

> The change in law made by this Act applies to the disposition of excess proceeds of a tax sale paid to the clerk of the court that issued the warrant or order of sale regardless of the date on which the warrant or order of sale was issued, the tax sale was conducted, or the proceeds were paid to the clerk.

Act of May 14, 2009, 81st Leg., R.S., ch. 254, § 3, 2009 Tex. Gen. Laws 698, 699. The legislature thus expressly provided that the amendments apply to any "disposition of excess proceeds" occurring after their September 1, 2009 effective date, regardless of when the underlying events took place. Here, the judgment ordering the disposition of excess proceeds was signed on September 30, 2009, and the distribution was made on October 9, 2009. Because the legislature plainly made the amendments applicable to excess proceeds still pending disposition as of September 1, 2009, as were the excess proceeds Hamilton was claiming, we overrule Hamilton's third and seventh issues.

**"Vested rights"**

Hamilton also asserts that he had a "vested right" in his claim to excess proceeds; that application of the amendments to his pending claim violated the retroactivity clause of article I, section 16 of the Texas Constitution, the contracts clause of the same provision, and the contracts clause of the federal constitution; and that "his substantive vested rights to claim in excess proceeds are still valid even if contracts are in violations of certain provisions of [amended section 34.04]." Each of these complaints depends, at least in part, on whether Hamilton possessed a vested right in

4

the full $10,396.44 in excess proceeds that he was purportedly assigned.[3] Consequently, we focus

our analysis of these issues on whether Hamilton possessed a vested right in the amount of excess

proceeds he claimed.

As noted, tax code section 34.04 governs claims for excess proceeds following

the seizure and sale of property. Under section 34.04, a person must file a petition for excess

proceeds in the same court and under the same cause number as the underlying suit for seizure or

sale of the property. *See* Tex. Tax Code Ann. § 34.04(a). Parties that establish their claims to the

proceeds are paid according to the following priorities:

(1)     to the tax sale purchaser if the tax sale has been adjudged to be void and the
        purchaser has prevailed in an action against the taxing units under Section
        34.07(d) by final judgment;

(2)     to a taxing unit for any taxes, penalties, or interest that have become due or
        delinquent on the subject property subsequent to the date of the judgment or
        that were omitted from the judgment by accident or mistake;

(3)     to any other lienholder, consensual or otherwise, for the amount due under a
        lien, in accordance with the priorities established by applicable law;

---

[3]     Article I, section 16 of the Texas Constitution, which prohibits the enactment of
retroactive laws, protects vested rights by excluding them from the reach of subsequently
enacted legislation. *See* Tex. Const. art. I, § 16. Statutes that do not affect a claimant's vested
rights, however, are not protected by article I, section 16. *Corpus Christi People's Baptist
Church v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 626 (Tex. 1995) (citing *State
v. Project Principle, Inc.*, 724 S.W.2d 387, 390 (Tex. 1987)); *Board of Med. Exam'rs for Tex.
v. Nzedu*, 228 S.W.3d 264, 273 (Tex. App.—Austin 2007, pet. denied). The same is true of the
contracts clauses of both the Texas and United States Constitutions. *See* U.S. Const. art. I, § 10,
cl. 1; Tex. Const. art. I, § 16; *Liberty Mut. Ins. Co. v. Texas Dep't of Ins.*, 187 S.W.3d 808, 825
(Tex. App.—Austin 2006, pet. denied).

(4)     to a taxing unit for any unpaid taxes, penalties, interest, or other amounts adjudged due under the judgment that were not satisfied from the proceeds from the tax sale; and

(5)     to each former owner of the property, as the interest of each may appear, provided that the former owner:

    (A)     was a defendant in the judgment;

    (B)     is related within the third degree by consanguinity or affinity to a former owner that was a defendant in the judgment; or

    (C)     acquired by will or intestate succession the interest in the property of a former owner that was a defendant in the judgment.

*Id.* § 34.04(c). Under this statutory scheme, Hamilton, who stands in the shoes of his assignees, former owners of the property, would only be entitled to excess proceeds to the extent that funds remained after claims by the tax sale purchaser, the taxing units, and lienholders had been satisfied. *See id.*

Where a right to proceeds remains contingent rather than unconditional, potential rather than definitive, there can be no vested right. *See, e.g.*, *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 626 (Tex. 1995) (taxing unit has no vested right to taxes upon assessment due to existing potential that exemption applies); *Shanks v. Treadway*, 110 S.W.3d 444, 446 n.2 (Tex. 2003) ("Pension plan benefits become vested when the employee has an unconditional ownership interest in them . . . ."); *John Freese & Assocs. v. City of Garland*, No. 05-00-01625-CV, 2002 Tex. App. LEXIS 4026, at *8-9 (Tex. App.—Dallas 2002, no pet.) (assignee to former property owner has no vested right to excess proceeds where claim is contingent on no entity with greater priority having claim to the proceeds). Although Hamilton

6

obtained assignments to the proceeds before the September 1, 2009 amendments took effect, the amount of the proceeds to which he was entitled—if any—remained a function of the claims asserted by the four categories of claimants having higher priority under section 34.04(c). Consequently, what Hamilton possessed as of the date of the assignments were merely contingent or potential rights to the proceeds, rights that depended entirely on the claims of those enjoying higher priority. Hamilton thus had no vested right in excess proceeds until the district court determined his claim in light of other potential claims, and entered final judgment. *See John Freese & Assocs.*, No. 05-00-01625-CV, 2002 Tex. App. LEXIS 4026, at *8-9.

Hamilton's right to proceeds did not vest until the district court rendered its final judgment awarding $2,500 in proceeds to Hamilton on September 30, 2009. Because Hamilton had no vested right until September 30, 2009—after the effective date of the amendments to section 34.04—the application of the amended version of section 34.04 does not infringe the constitutional rights he invokes. We overrule Hamilton's first, second, fourth, fifth, and sixth issues.

**Standing**

In his eighth and final issue, Hamilton asserts that section 34.04 "does not provide for Bastrop County to file . . . a response" to his petition and reasons from this that the County lacks standing to oppose his petition. As an initial matter, we observe that even if the County lacked standing to appear as a party in opposition to Hamilton's petition, this would not demonstrate that the district court erred in denying Hamilton the full amount of his claim. Leaving this aside, Hamilton's challenge to the County's standing is without merit.

Subject-matter jurisdiction is essential to the authority of a court to decide a case, and standing is a component of subject-matter jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-45 (Tex. 1993). The general test for standing is whether there is a real controversy between the parties that will actually be determined by the judicial declaration sought. *Id.* at 446.

Section 34.04 requires a party filing a claim for excess tax sale proceeds to do so under the same cause number as the underlying suit for sale or seizure of the property, and to serve notice on all parties to the underlying action. Tex. Tax Code Ann. § 34.04(a)-(b). As it was the County that was statutorily authorized to bring the underlying suit, these notice provisions necessarily contemplate that the County would receive notice of any petitions by claimants seeking excess proceeds and would be a party to any ensuing litigation over competing rights to those proceeds. Further, the County has a justiciable interest in those proceeds. The underlying judgment was granted in favor of the County for its benefit, as well as for the benefit of all political subdivisions for which the County collects taxes. The County and the taxing units are not only entitled to the excess proceeds in certain circumstances, *see id.* §34.04(c), but are also entitled to any proceeds remaining in the court's registry after a period of two years, *see id.* § 34.03(b) (West 2008). In sum, the County has a justiciable interest in the controversy concerning the excess proceeds that will be resolved by the judicial declaration sought. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446. Accordingly, we overrule Hamilton's eighth issue.

## CONCLUSION

Having overruled each of Hamilton's issues, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   April 1, 2010