

# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

March 17, 2016

The Honorable Jane Nelson
Chair, Committee on Finance
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0072

Re: Whether a school district, municipality, or county may reduce or repeal the local option homestead exemption from the amount that was adopted for the 2014 tax year through the 2019 tax year (RQ-0082-KP)

Dear Senator Nelson:

You seek our opinion on whether a school district, municipality, or county may reduce or repeal the local option homestead exemption from the amount that was adopted for the 2014 tax year through the 2019 tax year.[1]

Among other things, Senate Bill 1 ("S.B. 1"), enacted by the Eighty-fourth Legislature, amended section 11.13 of the Tax Code. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779 (codified at TEX. TAX CODE § 11.13). Prior to S.B. 1, subsection 11.13(b) provided that the amount of homestead exemption was $15,000 for purposes of school district taxation.[2] Subsection 11.13(n) authorizes a governing body of a taxing unit to provide an additional homestead exemption. TEX. TAX CODE § 11.13(n). In S.B. 1, subsection 11.13(b) was amended to increase the amount of homestead tax exemption to $25,000. *See id.* § 11.13(b). S.B. 1 also added subsection 11.13(n-1), which provides that the "governing body of a school district, municipality or county that adopted an exemption under Subsection (n) for the 2014 tax year may not reduce the amount of or repeal the exemption. This subsection expires December 31, 2019." *Id.* § 11.13(n-1). S.B. 1 provides that the Act "applies beginning with the 2015 tax year." Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 26, 2015 Tex. Gen. Laws 1779, 1786. Yet, most provisions in S.B. 1, including the new subsection 11.13(n-1), are effective on the date on which the "constitutional amendment proposed by S.J.R. 1 . . . takes effect." *See id.* § 27(a)(1) at 1786.

---

[1]Letter from Honorable Jane Nelson, Chair, Senate Fin. Comm., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 15, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See* Act of May 31, 1997, 75th Leg., R.S., ch. 592, § 2.01, sec. 11.13(b), 1997 Tex. Gen. Laws 2061, 2067, *amended by* Act of May 29, 2015, 84th Leg., R.S., ch. 465, § 1, 2015 Tex. Gen. Laws 1779.

The constitutional amendment proposed by Senate Joint Resolution 1 ("S.R.J. 1") amends article VIII, subsection 1-b(c) of the Texas Constitution to increase the amount of the homestead exemption from $15,000 to $25,000. *See* Tex. S.J. Res. 1, 84th Leg., R.S., § 1, 2015 Tex. Gen. Laws 5412. The proposed amendment also authorizes the Legislature to prohibit a governing body that adopts an exemption from ad valorem taxation of a percentage of the market value of a homestead from reducing the amount of or repealing the exemption. *See id.* at 5413–14. Texas voters approved the constitutional amendment on November 3, 2015.[3] As a result, S.B. 1's effective date is November 3, 2015. Your question arises from the possibility of a local government reducing the amount of or repealing its local option exemption during the 2015 tax year, before the effective date of subsection 11.13(n-1).

The cardinal rule in statutory construction is to ascertain and effectuate the Legislature's intent. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). "The best guide to that determination is usually the plain language of the statute." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013). Here, the statute's plain language clearly indicates that the Legislature intended to set a floor for the local option exemption rates at the level they were in 2014 until the end of the 2019 tax year. *See* TEX. TAX CODE § 11.13(n-1). Accordingly, any repeal of or reduction in the amount of a local option homestead exemption by a school district, municipality, or county in 2015 would have no effect under subsection 11.13(n-1)'s express terms.

Briefing submitted in response to this request argues that in certain instances application of subsection 11.13(n-1) violates article 1, section 16, of the Texas Constitution.[4] The briefing explains that prior to the November 3, 2015 election, no statute prevented a taxing unit from repealing or reducing the local option homestead exemption. Wood Brief at 2. Thus, if a taxing entity took formal action to repeal the exemption prior to July 1, 2015, no homeowner would be entitled to the exemption for the 2015 tax year under the law at that time. *See id.* If effective, however, subsection 11.13(n-1) would retroactively void any repeal or reduction in the amount of the exemption.

Article 1, section 16 provides "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16. A retroactive law is one that "acts on things which are past." *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 55 (Tex. 2014). Here, subsection 11.13(n-1) renders ineffective a repeal or reduction in the amount of a local homestead exemption made in 2015 by a school district, municipality, or county made prior to the subsection's November 3, 2015 effective date. "But retroactive effect alone will not make a statute unconstitutional." *Id.* In addition, a challenge to a statute's

---

[3]*See* TEX. SEC'Y OF STATE, ELECTION INFORMATION, HISTORICAL ELECTION RESULTS (1992-CURRENT), www.sos.state.tx.us://elections.sos.tx.us/ (2015 Constitutional Amendment Election).

[4]*See* Brief from Randall B. Wood, Ray & Wood, to Honorable Ken Paxton, Tex. Att'y Gen. at 2–3 (Jan. 14, 2016) (on file with the Op. Comm.) ("Wood Brief").

constitutionality begins with a presumption that the statute is constitutional with the burden to establish otherwise on the challenging party. *Id.*

The Texas Supreme Court has identified a three-part test for consideration of challenges under article I, section 16.[5] *See Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 138–47 (Tex. 2010) (discussing myriad prior cases and recognizing the difficulty in utilizing the "impairs vested rights" test for unconstitutional retroactivity); *see also Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 707 (Tex. 2014) (following three-part test established in *Robinson*). In doing so, the court stated that constitutional provisions limiting retroactive legislation must be applied to achieve "their intended objectives—protecting settled expectations and preventing abuse of legislative power." *Robinson*, 335 S.W.3d at 139. It further recognized that "[n]o bright-line test for unconstitutional retroactivity is possible." *Id.* at 145. In lieu of the "impairs vested rights" analysis, the court said that "courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Id.* The court advised that "[t]he perceived public advantage of a retroactive law is not simply to be balanced against its relatively small impact on private interests . . . . There must be a compelling public interest to overcome the heavy presumption against retroactive laws." *Id.* at 145–46. The analysis also "encompasses the notion that statutes are not to be set aside lightly." *Tenet Hosps. Ltd.*, 445 S.W.3d at 707 (internal quotation marks omitted).

In accordance with the *Robinson* opinion, a court would first consider the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings, mindful that the public interest in section 11.13 must also serve a compelling interest. *See Robinson*, 335 S.W.3d at 145–46. The purpose of S.B. 1 was to reduce "the property tax burden on homeowners by increasing the homestead exemption for school district taxes" as well as to reduce the limitation on school district property taxes that may be imposed on the homestead of an elderly or disabled person. *See* SENATE RESEARCH CTR., BILL ANALYSIS, Tex. S.B. 1, 84th Leg., R.S. (2015) at 1, HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 1, 84th Leg., R.S. (2015) at 1. It is presumed that a consequence of reducing homeowners' property tax burden is to stimulate real economic growth by increasing consumption, which in turn drives job growth. *See* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 1, 84th Leg., R.S. (2015) at 3. "Increasing the homestead exemption would put more money in consumers' pockets, allowing more money to be used more efficiently in the economy." *Id.* at 3–4. And reducing the limitation for those who are elderly or disabled enhances their ability to be able to stay in their homes instead of being forced to sell due to an inability to pay taxes. In contrast to the situation in *Robinson*, wherein only one party was benefited by the challenged statute, the legislative purpose in enacting S.B. 1 is to

---

[5]The briefing argues that the test for unconstitutional retroactivity is whether a retroactive law destroys or impairs a vested right and that a school district has a vested right to the taxes once any exemptions are determined. *See* Wood Brief at 2–3 (stating that "[f]or any school district that repealed or reduced its homestead exemption before July 1, 2015, the exemption would have been determined based upon the amount adopted by the school district and would have been determined on July 1, 2015," a date prior to the effective date of subsection 11.13(n-1)) (citing *Corpus Christi People's Church, Inc. v. Nueces Cty. Appraisal Dist.*, 904 S.W.2d 621, 626 (Tex. 1995)).

address a concern important to all Texas homeowners (and to a degree Texas renters) and to improve the state's overall economy. *See generally Tenet Hosps. Ltd.*, 445 S.W.3d at 707 (contrasting legislation that was a comprehensive overhaul of Texas's medical malpractice laws with legislation at issue in *Robinson*, which was enacted solely to benefit one company); *Union Carbide Corp.*, 438 S.W.3d at 58 (contrasting similar comprehensive legislative scheme addressing asbestos litigation with legislation benefiting a particular entity). A court would likely find that legislation addressing property tax relief for Texas citizens to improve the state's economy is a strong public purpose and serves a compelling public interest.

A court would next consider the nature of the prior right impaired by the statute. *See Robinson*, 335 S.W.3d at 145. Here, the right purportedly affected is that of local taxing entities such as school districts, municipalities, and counties to receive additional tax revenues prior to the effective date of a law that prohibited them from doing so by reducing or repealing the local option homestead exemption. *See* TEX. TAX CODE § 11.13(n), (n-1). However, the extent to which any particular local taxing entity had a concrete expectation of exercising its right to reduce or repeal its local option homestead exemption is unclear. *See* TEX. ASS'N OF SCH. BDS., S.J.R. 1, S.B. 1, AND THE LOCAL OPTION HOMESTEAD EXEMPTION (2015)[6] (noting arguments against attempting to repeal or reduce a local option exemption and advising school boards to consult with attorney prior to making any changes). Furthermore, given that S.B. 1 was passed by the Legislature on May 29, 2015, local taxing entities were on notice at that point that the Legislature intended for reductions or repeals to be ineffective, and any action taken after that date to reduce or repeal a local option homestead exemption would be in direct conflict with that intent. Moreover, to the extent the vested rights analysis may still be relevant to this aspect of the inquiry, the taxing authorities' right to file suit for property taxes is not ripe until the taxes are delinquent. *See Gribble v. Layton*, 389 S.W.3d 882, 890–96 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (utilizing *Robinson* analysis but still conducting vested rights analysis as part of second prong of three-part test). Under the Tax Code, property taxes are not delinquent until they are unpaid by February 1 of the following tax year. *See* TEX. TAX CODE § 33.41(a) (providing that a taxing entity may file suit to collect tax at "any time after its tax on property becomes delinquent"), *id.* § 31.02(a) (providing generally that taxes are delinquent "if not paid before February 1 of the year following the year in which imposed"). For the 2015 tax year, taxes are not delinquent until they are unpaid by February 1, 2016. Accordingly, while a court could determine that a prior right enjoyed by taxing entities is impaired by subsection 11.13(n-1), it would likely also determine that the legislation does not have a significant detrimental impact on settled expectations.

Finally, a court would consider the extent of the impairment. *See Robinson*, 335 S.W.3d at 145. Provisions of the Education Code were added by S.B. 1 to require the state to cover certain shortfalls that a school district may incur due to the changes to the exemption with state funds. *See, e.g.*, TEX. EDUC. CODE §§ 42.2518, 46.071. With the promise of additional funds from the state to minimize the loss of revenue to the school districts, the extent of the expected impairment, at least with respect to school districts, is slight. *See* FISCAL NOTE, Tex. S.B. 1, 84th Leg., R.S. (2015) at 3 (stating that "[n]o fiscal impact to units of local government is anticipated"); FISCAL

---

[6]*Available at* www.tasb.org/Services/Legal-Services/TASB-School-Law-eSource/Business/documents/local_option_homestead_exemption_june15.pdf.

NOTE, Tex. S.J. Res. 1, 84th Leg., R.S. (2015) (acknowledging some reduction in school district tax revenue from the constitutional amendment likely offset by additional provisions in S.B. 1 requiring the state to hold school districts harmless for property tax losses).  Moreover, the Legislature's provision for making up the shortfall to the school districts mitigates against a finding of any abuse of legislative power.

A court balancing these factors, while also effectuating the presumption against unconstitutionality, would likely conclude that subsection 11.13(n-1) is not unconstitutionally retroactive.  Accordingly, subsection 11.13(n-1) of the Tax Code prohibits a school district, municipality, or county from repealing or reducing the local option homestead exemption from the amount that was adopted for the 2014 tax year through the 2019 tax year.

## S U M M A R Y

Subsection 11.13(n-1) of the Tax Code prohibits a school district, municipality, or county from repealing or reducing the local option homestead exemption from the amount that was adopted for the 2014 tax year through the 2019 tax year.

Very truly yours,

*Ken Paxton*

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee